No. 39,681

STATE OF KANSAS, ex rel., ROY L. COLE, County Attorney of Anderson County, Kansas, *Appellee,* v. CITY OF GARNETT, a municipal corporation; EARL SNYDER as Mayor of the City of Garnett; HENRY ALLEN, as Commissioner of Finance and Revenue of the City of Garnett; L. C. PAGE, as Commissioner of Streets and Public Utilities of the City of Garnett; HARLEY GIBSON, JR., as City Clerk of the City of Garnett; and THE FREETO CONSTRUCTION COMPANY, a corporation, *Appellants.*

(281 P. 2d 1085)

Opinion filed April 9, 1955.

*Gwinn G. Shell,* and *Wayne Loughridge,* both of Garnett, argued the cause, and *Clark Howerton,* of Garnett, was with them on the briefs for the appellants.

*Stanley E. Toland,* of Iola, argued the cause and *Harold R. Fatzer,* attorney general, *Roy L. Cole,* county attorney, of Garnett, and *Orville J. Cole,* of Garnett, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action by the State on the relation of the county attorney of Anderson county to enjoin the city of Garnett and its agents from proceeding to widen the street surrounding the courthouse square. From an order of the trial court overruling their demurrer to plaintiff's petition, defendants appeal.

Appellee, the State, will be hereinafter referred to as plaintiff or the State, and appellant, the city of Garnett, as defendant or City.

The over-all picture to be gleaned from the lengthy, involved petition, giving that pleading the benefit of all inferences, to which it is entitled when attacked by demurrer, may be stated as follows: Anderson county has been the owner in fee simple since the year 1862 of block 46 in the city of Garnett. The block has been used as a unit by the county as the seat of government. The improvements consist of a three-story courthouse and a separate, modern

jail building. The city of Garnett is a city of the second class and the county seat.

On February 15, 1954, the board of county commissioners, by a resolution, declared it conducive to the interests of the inhabitants of Anderson county that certain streets abutting the courtyard, belonging to the county, be utilized for a public street and parking area, and that an easement for the purpose of constructing and maintaining a public street or parking area over and across the south 36 feet, the west 25 feet, and the north 10 feet of block 46, be granted to the city of Garnett, the cost of constructing and maintaining said street for parking area to be at the expense of the City. On the same day in regular session, a legal document denominated "easement" was signed by two of the county commissioners, attested by the county clerk, and by the terms of which the board of county commissioners purported to give, consent, grant and convey to the city of Garnett an easement granting the right to enter, construct and maintain a public street and parking area on that portion of the courthouse square described in the resolution, the construction and maintenance of the street to be done at the City's expense. The petition alleged further that the value of that part of the courthouse square described, to be used for a city street, was in excess of $10,000, and that the county received no consideration for the purported easement.

It is further alleged that the purported easement did not vest in the City any right, title, interest or estate in and to the courthouse block, or any part thereof, for the reason that the board of county commissioners, neither by unanimous vote nor otherwise, had any legal authority to grant the easement or right to the City, nor was the same first submitted to a vote of the electors of the county; that the proceedings of the board of county commissioners were without authority in law, and that the City had no right, title or interest in or upon the courtyard. The petition closed with a prayer for injunctive relief enjoining the City from taking any action toward the construction and maintenance of a public street and parking area over the property in question.

The question is whether the trial court erred in failing to sustain the City's demurrer to the petition on the ground it failed to state a cause of action against the City for injunctive relief. This must be answered in the affirmative.

By statute, the fee title to property within the county intended

for public use vests in the county, in trust for the whole public. (G. S. 1949, 12-406.) While the fee to the city streets vests in the county, the authority to improve the streets and to use them for street purposes is vested in the city. (*Miller-Carey Drilling Co. v. Shaffer*, 144 Kan. 508, 514, 61 P. 2d 1320, and cases therein cited.)

G. S. 1953 Supp., 14-423, provides that the governing body of a city of the second class shall have the power to widen or otherwise improve any street whenever deemed necessary or expedient, and that the city may acquire by condemnation, purchase or gift the necessary lands for such purposes.

G. S. 1949, 14-511c, provides that whenever in the opinion of the governing body of any city of the second class it shall become necessary to widen any paving in such city for the purpose of providing additional parking space, such body may provide for such widening thereof and curbing and guttering the same, and if in their opinion the cost of such widening should be borne by the city at large, they may pay the costs thereof out of the general fund of the city, etc.

It is apparent that the legislature has granted to cities of the second class the right to widen their streets for public travel and parking purposes and, for the purposes of making such improvement, they may take property by eminent domain, purchase or gift.

The petition sets forth the document denominated "easement," executed by the county commissioners, granting the city authority to use a certain area of the courtyard for the purpose of widening its street at the expense of the city. Irrespective of the authority of the county commissioners to grant this permission, the aforementioned statutes fix the authority and jurisdiction of the city of Garnett to widen the street, and there is no allegation in the petition that any one or more of these statutes have been violated, or not fully followed by the City. The only allegation in the petition in which the State seeks injunctive relief against the City is that the board of county commissioners had no authority to grant the easement to the City on the property in question for the purpose of widening the street. Inasmuch as the county commissioners were not made parties to this action, the allegation affords no ground for injunctive relief against the city of Garnett.

It follows that the order of the trial court overruling the City's demurrer to the petition is reversed, and the case is remanded with instructions to the trial court to sustain the demurrer.

It is so ordered.