No. 40,252

THE STATE OF KANSAS on the relation of Roy L. Cole, as County Attorney of Anderson County, Kansas, *Appellant,* v. CITY OF GARNETT, a municipal corporation; EARL SNYDER, as Mayor of the City of Garnett; HENRY ALLEN, as Commissioner of Finance and Revenue of the City of Garnett; L. C. PAGE, (ROBERT D. GARRETT, substituted), as Commissioner of Streets and Public Utilities of the City of Garnett; and HARLEY GIBSON, JR., as City Clerk of the City of Garnett; and THE FREETO CONSTRUCTION COMPANY, a corporation; THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ANDERSON, a municipal corporation, and CLAUDE BOOTS, H. L. KELLEY and GARLAND BADDERS, as the Members of said Board, *Appellees.*

(304 P. 2d 555)

Opinion filed December 8, 1956.

*Stanley E. Toland,* of Iola, argued the cause, and *John Anderson, Jr.,* attorney general, *Paul E. Wilson,* assistant attorney general, *Roy L. Cole,* county attorney, of Garnett, and *Orville J. Cole,* of Garnett, were with him on the briefs for the appellant.

*Clark Howerton,* of Garnett, argued the cause, and *Gwinn G. Shell,* and *Wayne Loughridge,* both of Garnett, were with him on the briefs for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This was an action by the State on relation of the county attorney of Anderson county to declare the acts of the board of county commissioners of the county in granting an easement, to a certain portion of the courthouse square to the city of Garnett, illegal and to enjoin the city from proceeding to widen the street surrounding the courthouse square. From an order of the trial court sustaining a demurrer to the amended petition, plaintiff appeals.

This is the second time the case has reached this court. The

pleadings involved in the former appeal and the conclusions reached thereon are reported in *State, ex rel., v. City of Garnett,* 177 Kan. 709, 281 P. 2d 1085. The pleadings were there summarized and will not be re-stated. For all purposes necessary, that opinion is made a part hereof. In the previous appeal we stated at page 711:

"The only allegation in the petition in which the State seeks injunctive relief against the City is that the board of county commissioners had no authority to grant the easement to the City on the property in question for the purpose of widening the street. Inasmuch as the county commissioners were not made parties to this action, the allegation affords no ground for injunctive relief against the city of Garnett."

The case was reversed and remanded with instructions to sustain defendants' demurrer to plaintiff's petition. Thereafter, by permission of the trial court, plaintiff was granted leave to make the board of county commissioners of Anderson county a party defendant. The petition was amended and, as far as pertinent hereto, alleged that on February 15, 1954, the board of county commissioners, by resolution, declared it conducive to the interests of the inhabitants of Anderson county that certain streets abutting the courtyard, belonging to the county, be utilized for a public street and parking area, and that an easement for the purpose of constructing and maintaining a public street and/or parking area over and across the south 36 feet, the west 25 feet, and the north 10 feet of block 46, be granted to the city of Garnett, the cost of which was to be at the expense of the city.

Pursuant to the resolution, two of the three members of the board executed an instrument denominated "easement," wherein the board did "give, consent and grant and convey" to the city of Garnett the right to enter, construct and maintain a public street and/or parking area over and across the aforementioned property, the cost of which was to be the expense of the city, and all sidewalks to be replaced by the city as part of the consideration for the easement, the city to hold the property as long "as the same may be used for such purposes."

It was further alleged that the easement granted by the board constituted a sale and disposal of property belonging to the county, and was in violation of the provisions of G. S. 1955 Supp., 19-211, in that the granting of the easement was not done by the unanimous vote of the board; that no public notice of the proposed sale was given; that the value of the property was in excess of $10,000, and that the sale was not submitted to the vote of the electors.

It was also alleged that if the easement was not in violation of Section 19-211 for the above reasons, then it was void for the reason that it tied the hands of future boards of county commissioners, in the management, control and use of the property of the county.

From an order of the trial court sustaining defendants' demurrer to the petition, as amended, plaintiff appeals and asserts that if the action of the board by two of its members, on February 15, 1954, in passing the resolution and making the grant contained in the document denominated "easement," is authorized by law, then it is conceded by plaintiff that the action of the city is within the statutory authority of the city. On the other hand, if the action of the board is without legal authority as contended by plaintiff, then the city acquired no legal right under the purported easement, and plaintiff is entitled to the injunction which it seeks, and the demurrer was improperly sustained.

The first question for our determination is whether the easement executed by the board amounted to a sale or disposal of county property. The powers of county commissioners are statutory. G. S. 1955 Supp., 19-212, in part, provides that the board of county commissioners of each county shall have power, *first*, to make such orders concerning the property belonging to the county as they may deem expedient; *fifth*, to represent the county and have the care of county property, and the management of the business and concerns of the county, in all cases where no other provision is made by law.

It is apparent that the county commissioners are the general agents of the county and have the general control and management of county property. The legislature granted the commissioners the power to make such orders concerning the property belonging to the county as they might deem expedient. (G. S. 1949, 19-101 and 19-212.)

It is plaintiff's contention that the acts of the commissioners came under the prohibitive provision of Section 19-211, amounting to a "sale or disposal of" county property within the meaning of that section. We cannot agree with plaintiff's contention. This statute must be interpreted as contemplating such a sale or disposal of the property as to completely divest the county of all its right and title to the property. The easement granted did not have that effect. The instrument did no more than grant the city a right to use the described property for street and parking purposes, and permission

to proceed with what it had the power to do under appropriate statutes. It did not attempt to pass title to the city, and the transaction did not come within the purview of Section 19-211, but rather it must be deemed to have been an exercise of the administrative and legislative powers, and discretion of the commission in caring for county property under section 19-212. The easement constituted neither a sale nor disposal of county property as those terms are used in Section 19-211. The county holds the property in trust for the public purpose for which it was intended when the county took title. In Section 19-211, the words or phrase, "sold or disposed of" were unqualified, so it may be assumed the legislature intended the words or phrase to have the meaning commonly adopted, *i. e.,* "get rid of, part with," the right to or ownership of it, and generally meaning to completely divest one of title. The body of the easement provides:

"To have and to hold . . . as long as the same *may* be used for such purposes." (Our italics.)

There can be no question but that the county had a right to agree with the city that the property in quesion might be used for a public purpose, *i. e.,* for street and parking area. The wording of the so-called easement shows that the city was to have and to hold such property only as long as it might be used for street and parking purposes, fee title remaining in the county. While the instrument is denominated an easement, it is nothing more than a grant of permission by the county to use the property for the purposes of widening its streets and making available a parking area in the interests of the inhabitants of the county.

Plaintiff next contends that the action of the commissioners ties the hands of future boards in the management, control and use of public property belonging to the county and is, therefore, void. In *Fisk v. Board of Managers,* 134 Kan. 394, 5 P. 2d 799, we stated:

"Where general power is given to an administrative board to manage and control property it has the power to make a contract concerning such property extending beyond the term of the members thereof, if such contract is reasonable and not contrary to public policy." (Syl. 1.)

Ordinarily, the power of the board of county commissioners is limited in time to the term of the members who make it, but if the extent of the members' power is not expressly limited, the facts and circumstances of each case must be considered in determining it. (46 C. J. 1032.) In *Edwards County Comm'rs v. Simmons,* 159 Kan. 41, 54, 151 P. 2d 960, we said:

409

"And the test generally applied is whether the contract at issue, extending beyond the term, is an attempt to bind successors in matters incident to their own administration and responsibilities or whether it is a commitment of a sort reasonably necessary to protection of the public property, interests or affairs being administered. In the former case the contract is generally held to be invalid, and in the latter case valid. (14 Am. Jur. 210; 7 R. C. L. 945, 946; 46 C. J. 1032, § 289.)"

We think the instant case falls clearly within the latter class.

In view of what has been said, the trial court did not err in sustaining defendants' demurrer to plaintiff's petition, as amended.

The judgment of the trial court is affirmed.

FATZER, J., not participating.