Steven W. Hirsch Decatur County Attorney P.O. Box 296 Oberlin, Kansas 67749-0296
Dear Mr. Hirsch:
As County Attorney for Decatur County, you request our opinion on whether the Board of County Commissioners of Decatur County may enter into a trust agreement to assure funding when needed for closure and post-closure care of the County's landfill. You have provided a proposed trust agreement between Decatur County as landfill owner, the Kansas Department of Health and Environment (KDHE) as the landfill permit grantor, and a bank or trust company as the trustee. You indicate that the County would be required to make annual payments into the trust in the amount of approximately $10,000 for forty years. The agreement may be amended only by written agreement of the parties and is otherwise irrevocable. You ask whether the County, upon entering into the trust agreement, would be creating an encumbrance for the entire aggregate amount due and would, therefore, need to have the funds available to pay the entire aggregate amount upon executing the trust agreement in order to comply with the cash-basis law. You also question whether the present Board of County Commissioners may bind future Boards for such a long time.
K.A.R. 26-29-98 adopts by reference federal requirements for landfill owners to assure that adequate funds will be available when needed for closure, post-closure care and reclamation of a landfill. One of the options available to guarantee those costs is the establishment of a trust fund into which annual payments must be made by the landfill owner.
The cash-basis law provides that it is unlawful for any member of a governing body of a municipality to knowingly vote for any action creating an indebtedness in excess of the amount of funds actually on hand in the treasury. K.S.A. 10-1113. Counties are included within the definition of "municipality," and boards of county commissioners are included in the definition of "governing body." K.S.A. 1997 Supp.10-1101. The issue at hand is whether the trust agreement you present creates an indebtedness for the aggregate amount of all the payments required by the trust agreement or whether future payments do not become debts of the County until each payment is due.
The term "indebtedness" is not defined by statute and has not been generally defined by the courts. Rather, each case examining whether a municipality's action creates an indebtedness for which funds must be on hand in the treasury has been decided based on the particular facts presented. We found no Kansas cases on point, however the Kansas Supreme Court has, under certain circumstances, approved long-term contracts by municipalities even though there were insufficient funds on hand when the municipality executed the contract. In City of Wichita v. Wyman,158 Kan. 709 (1944), the Court concluded that a city could serve as self-insurer of its employees under workers' compensation laws even though the city would be obligated to pay compensation to injured workers in future years. The Court reasoned that until an award and judgment to pay compensation to an injured worker is assessed against the city, its liability is only contingent, and not absolute. Likewise, the Court inInternational Association of Firefighters v. City of Lawrence,14 Kan. App. 2d 788 (1990), found that a wage proposal which legally obligated the city to make payments over a two-year period did not violate the cash-basis law even though the city did not have enough money for the two-year period on hand when it entered into the agreement. Because the law is clear that compensation for services becomes due only when those services have been rendered, the city did not incur indebtedness or obligation to compensate upon entering the agreement. The Court determined that the obligation to compensate was incurred only at the end of a pay period for work done during that pay period. In bothWyman and International Association of Firefighters, the cities' future payments were based on a contingency, and the cities would have the funds available to make those payments after the contingency was met.
The trust agreement that Decatur County is considering would require the County to make payments in the future which are not dependant on any contingency. Even though the payments are not due until a future date, the agreement is irrevocable and would create an unconditional, binding obligation on the County for all future payments upon execution of the agreement. Because the agreement would create an indebtedness for the aggregate amount of payments, to comply with the cash-basis law, the County should have the total amount to be paid during the life of the agreement in its treasury when the agreement is entered.
The Legislature has provided exceptions to the cash-basis law for lease-purchase agreements and for other specific circumstances. See
K.S.A. 10-1116, 10-1116a, 10-1116b, K.S.A. 1997 Supp. 10-1116c. The trust agreement which you ask about does not appear to fall within any of those exceptions; however, K.S.A. 10-1116 allows a municipality to exceed the limits of indebtedness prescribed in the cash-basis law if "payment has been authorized by a vote of the electors of the municipality." Therefore, if Decatur County wishes to proceed with the trust agreement, it could do so without having the funds on hand if the agreement is authorized by the electors of the County.
Because the trust agreement being considered by the County would extend over a forty-year period, you also ask whether the current Board of County Commissioners can lawfully bind future Boards. The Kansas Supreme Court set out the test to determine if a Board of County Commissioners may bind future Boards as follows:
 "[T]he test generally applied is whether the contract at issue, extending beyond the term, is an attempt to bind successors in matters incident to their own administration and responsibilities or whether it is a commitment of a sort reasonably necessary to protection of the public property, interests or affairs being administered. In the former case the contract is generally held to be invalid, and in the latter case valid. [Citations omitted.]" State ex rel. Cole v. City of Garnett, 180 Kan. 405, 409
(1956), quoting Edwards County Commissioners v. Simmons, 159 Kan. 41, 54 (1944).
In Verdigris River Drainage Dist. v. State Highway Commission, 155 Kan. 323
(1942), the Court stated:
 "[I]t is clear that if a board of county commissioner [sic] has express power to make a particular contract at any time during its term of office, a contract made by such board, in accordance with the law, a short time before the expiration of its term of office is not contrary to public policy, and, in the absence of fraud, is valid and binding upon an incoming board of commissioners, although it extends far into their term of office. The ground upon which this rule is based is that a board of county commissioners is a continuously existing corporation, and, consequently, while the personnel of its membership changes, the corporation continues unchanged. Its contracts being the contracts of the board and not of its members, it follows that those contracts extending beyond the term of service of its then members are not invalid for that reason." 155 Kan. at 330. (Quoting 7 R.C.L., at page 945, § 21.)
It is clear from these cases that the current Board of County Commissioners of Decatur County may bind future Boards by entering into a trust agreement as long as such agreement is executed in accordance with the cash-basis law as discussed above and any other applicable laws.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV:jm