THOMAS JORDAN, Plaintiff-Appellant, v. THE CIVIL SERVICE COMMISSION, Defendant-Appellee.

First District (4th Division)   No. 1—90—1995

Opinion filed May 6, 1993.

Thomas Jordan, of Chicago, appellant *pro se.*

Kelly R. Welsh, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and Lynn K. Mitchell, Assistant Corporation Counsel, of counsel), for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Thomas Jordan, sought to recover damages from defendant, the Civil Service Commission, an agency of the City of Chicago (hereinafter the City), for breach of an alleged contract providing compensatory time off for "overtime" and the accrual of sick days and vacation days to be maintained for his benefit. Plaintiff further sought back pay for a wrongful discharge from 1967 to 1972.

Plaintiff filed an action in the United States District Court for the Northern District of Illinois. In 1983, the Federal judge granted summary judgment in favor of the City, finding that plaintiff had no claim under Federal law. The original 11-count complaint in this cause was filed in 1984. Count VIII was dismissed with prejudice. In 1989, plaintiff filed a third amended complaint having three counts. Count I alleged a cause of action for "detrimental reliance." Illinois law provides no cause of action under a theory of detrimental reliance. However, the record indicates that defendant was able to treat counts I and III of plaintiff's third amended complaint as if they were brought under a theory of implied or quasi contract. Count II alleged a breach of contract. Count III has been waived on appeal. The trial court granted defendant's section 2—615 motion to strike and dismiss the third amended complaint. (Ill. Rev. Stat. 1989, ch. 110, par. 2—615.) Plaintiff elected not to file a fourth amended complaint. The cause of action was then dismissed by the trial court with prejudice. This appeal followed.

On appeal, plaintiff contends that the trial court erred in finding that (1) his third amended complaint alleges insufficient facts to state a cause of action; (2) his third amended complaint should have been dismissed; and (3) count VIII of his original complaint should have been dismissed.

We affirm.

Plaintiff was hired by the City in 1951 as a license investigator. He was wrongfully discharged in 1967 but in 1972 was reinstated pursuant to a court order. In a 1975 ordinance, the City created the Department of Personnel and ceased to follow the civil service act of Illinois. (Ill. Rev. Stat. 1973, ch. 24, par. 10—1—1 *et seq.*) Plaintiff contends that he was denied certain job duties and promotions to which he had previously been entitled under the civil service system. From 1975 to 1979, plaintiff did some work in excess of his required hours. Plaintiff alleges that the City promised him compensatory time for each hour worked beyond his required 40 hours per week. Plaintiff

further alleges that the City's response to his request was to deny him both the compensatory time and any alternative compensation.

In plaintiff's request for relief, he argues that the trial court was wrong in refusing to allow him to maintain his action of counts I and II of his third amended complaint, counts I and II of his second amended complaint, and count VIII of his original complaint. However, this court adheres to the principle that once a plaintiff files an amended complaint, he has waived any objection to the trial court's ruling on any former complaints. *Barbour v. South Chicago Community Hospital* (1987), 156 Ill. App. 3d 324, 327, citing *Foxcroft Townhome Owners Association v. Hoffman Rosner Corp.* (1983), 96 Ill. 2d 150, 153.

Thus, the first issue on appeal is plaintiff's contention that his third amended complaint alleges sufficient facts to state a cause of action. It was dismissed with prejudice by the trial court and is, therefore, a final and appealable order. (*McMann v Pucinski* (1991), 218 Ill. App. 3d 101, 106.) In reviewing a motion to dismiss, this court "must determine whether the allegations of the complaint when interpreted in the light most favorable to the plaintiff are sufficient to set forth a cause of action upon which relief may be granted." *Brooks v. Village of Wilmette* (1979), 72 Ill. App. 3d 753, 756.

■■ Plaintiff has two counts in his third amended complaint. Count III of plaintiff's third amended complaint was not at all addressed in plaintiff's opening brief. Illinois law states that all arguments not raised in an opening appellate brief are waived. (See 134 Ill. 2d R. 341(e)(7).) Thus, count III will not be considered by this court of review.

Plaintiff makes several allegations in count I. First, he alleges that the City agreed to compensate him for his "overtime" hours. Further, paragraphs 7 and 10 of count I allege the following:

"7. Jordan also was allowed to accumulate a certain number of sick days and vacations, from year to year, and was advised by Chicago [the City of Chicago], through its agents and employees, that Jordan was being credited with such accumulation of vacation days, sick days and overtime hours.

\* \* \*

10. Jordan had only worked the overtime and only allowed the vacation and sick days to accumulate because the defendant Chicago promised and agreed to compensate Jordan with compensatory time off."

Plaintiff alleges that the fair monetary value of his damages in not being compensated for the aforementioned hours, days and time is approximately $150,000.

Count II is alleged in the alternative. It reiterates count I and alleges that the City's refusal to provide plaintiff compensation for "overtime" hours, vacation days and sick days amounted to a breach of contract. Thus, plaintiff requests monetary compensation for all damages incurred as a result of the City's breach.

■ In count I, plaintiff is attempting to apply the doctrine of equitable estoppel against the City. This panel has stated the following:

> "In order to invoke equitable estoppel against a municipality, plaintiffs must prove two elements: '(1) an affirmative act on the part of the municipality; and (2) the inducement of substantial reliance by the affirmative act.' " *Central Transport, Inc. v. Village of Hillside* (1991), 210 Ill. App. 3d 499, 515, quoting *Bank of Pawnee v. Joslin* (1988), 166 Ill. App. 3d 927, 939.

First, plaintiff is unable to prove an affirmative act on the part of the municipality. In his claim, plaintiff does not specify the name or title of the party with whom he entered into this alleged contract. Plaintiff alleges only that he was "advised by Chicago [the City of Chicago], through its agents and employees," that he would be compensated for his overtime hours and for his accumulation of vacation and sick days. The Illinois Municipal Code requires that agents and employees of a municipal corporation may not enter into any contract on behalf of the municipality without prior appropriation (Ill. Rev. Stat. 1977, ch. 24, par. 8—1—7) and approval by a majority vote of the city council (Ill. Rev. Stat. 1977, ch. 24, par. 3—11—17). Thus, any alleged representations made by the City's "agents and employees" cannot be invoked against the City.

Second, we do not find that plaintiff has shown substantial reliance. This panel has followed the Illinois Supreme Court in determining that "[t]hose who deal with governmental bodies take the risk of 'having accurately ascertained that he who purports to act for [the body] stays within the bounds of his authority.' " *City of Chicago v. Unit One Corp.* (1991), 218 Ill. App. 3d 242, 246, quoting *Cities Service Oil Co. v. City of Des Plaines* (1961), 21 Ill. 2d 157, 160-61.

Here, plaintiff's argument is based upon his own decision to rely on the promises of some municipal employees whom plaintiff chooses not to identify. This reliance was unfortunate but the City cannot be legally held at fault. Thus, we agree that plaintiff's third amended complaint alleges insufficient facts to state a cause of action.

■ The next issue on appeal is whether plaintiff's third amended complaint is insufficient as a matter of law with respect to the validity of the alleged contract. This issue addresses the alternative allegation under count II. Count II alleges a breach of an "unwritten agreement" between plaintiff and the City of Chicago, and requests compensation for all damages incurred as a result of the City's breach.

Plaintiff specifically alleges that under this agreement, he was to receive "compensatory time" apart from his 40-hour work week at a rate of 1½ hours worked in excess of the required 40 hours. This purported agreement also credited plaintiff for any accumulation of vacation days, sick days and overtime hours. Statutory law requires that any contract with the City, made for monetary compensation, is subject to the Illinois Municipal Code. The relevant part provides:

> "No contract shall be made by the corporate authorities, or by any committee or member thereof, and no expense shall be incurred by any of the officers or departments of any municipality, whether the object of the expenditure has been ordered by the corporate authorities or not, unless an appropriation has been previously made concerning that contract or expense. Any contract made, or any expense otherwise incurred, in violation of the provisions of this section shall be null and void as to the municipality, and no money belonging thereto shall be paid on account thereof." Ill. Rev. Stat. 1977, ch. 24, par. 8—1—7.

Here, the record does not indicate that any appropriation had been made concerning this "unwritten agreement" with the City. Therefore, any unauthorized contract or expense incurred on behalf of the City would be deemed null and void under this statute. Further, "the courts have found that absent a valid contract or statute regarding overtime, an employee's salary is payment in full for all of his services without regard to the number of hours worked." *Koudelka v. Village of Woodridge* (1980), 91 Ill. App. 3d 884, 886.

"[A] contract made in violation of section 8—1—7 is void *ab initio* and cannot be enforced by estoppel or ratification." (*Ligenza v. Village of Round Lake Beach* (1985), 133 Ill. App. 3d 286, 291.) In the instant case, the alleged promises made to plaintiff on behalf of the City were erroneous and Illinois law does not require that the City be held responsible for their impact. Thus, we find that the trial court's decision was not against the manifest weight of the evidence. (*Central Transport, Inc. v. Village of Hillside* (1991), 210 Ill. App. 3d 499, 515.) Plaintiff's third amended complaint was properly dismissed by the circuit court.

■ The final argument on appeal is whether the trial court erred in dismissing count VIII of plaintiff's original complaint. In 1967, plaintiff was wrongfully suspended and later discharged from his position with the City. In count VIII of his original complaint, plaintiff requested back pay with interest for his wrongful suspension and discharge. The trial court ultimately determined that plaintiff should be reinstated but was not entitled to back pay. Our review of the record convinces us that the trial court properly dismissed count VIII because, as discussed below, plaintiff's claim for back pay was barred by *laches*, *res judicata*, and the applicable statute of limitations.

In dismissing count VIII, the trial court, relying on *Kadon v. Board of Fire & Police Commissioners* (1964), 45 Ill. App. 2d 425, held that plaintiff's claim for back pay was barred by *laches*. In *Kadon*, the court reasoned that "[t]here is no fixed rule as to what amounts to laches; its existence usually is determined by the facts and circumstances of each case." (*Kadon*, 45 Ill. App. 2d at 429-30.) The determination of *laches* is at the discretion of the trial court and will not be reversed unless there is an abuse of discretion. *Kadon*, 45 Ill. App. 2d at 430.

In the present case, the evidence revealed that on February 6, 1969, the trial court ordered that plaintiff be reinstated by the City. The trial court determined that although plaintiff had been wrongfully suspended and discharged, he was not entitled to back pay. This order was affirmed by the Illinois Appellate Court on March 15, 1972. See *Jordan v. Civil Service Comm'n* (1972), 4 Ill. App. 3d 741.

Plaintiff, however, sought to challenge the trial court's 1969 order by filing his original 11-count complaint in this cause in 1984, 12 years after the order was entered. We believe this delay gave the trial court a sufficient reason to find that plaintiff's complaint for back pay was barred based on *laches*. The importance of the time factor was noted as follows:

> "The most stringent requirement timewise is in those cases brought by civil service employees to compel reinstatement and payment of back salaries after discharges alleged to be illegal. A rule has been established that if these actions are not brought within six months of the discharge they will be barred on the ground of laches, unless a reasonable explanation can be given for the delay." (*Kadon*, 45 Ill. App. 2d at 430.)

Here, plaintiff did not offer any reasonable explanation for his 12-year delay in bringing this cause of action.

Furthermore, count VIII in plaintiff's original complaint was brought as a writ of *mandamus* and thus, *laches* was an appropriate

defense. (See *People ex rel. Casey v. Health & Hospitals Governing Comm'n* (1977), 69 Ill. 2d 108.) We hold that the trial court did not abuse its discretion in finding that plaintiff's claim for back pay was barred by *laches*.

*Res judicata* was the second reason for the trial court's dismissal of count VIII. Plaintiff's Federal cause of action was for damages and injunctive relief. He claimed that his denial of back pay, seniority status and other benefits resulted in a constitutional infringement upon his right to employment. Defendant brought a motion to dismiss which the Federal court treated as a motion for summary judgment. On May 9, 1983, summary judgment was granted in accordance with Federal Rule of Civil Procedure 12(b), with costs to defendant. See *Jordan v. City of Chicago* (N.D. Ill. 1983), No. 81—C—7330.

Plaintiff argues that his Federal claim for back pay from 1967 to 1972 is not the same claim being argued in the instant case. He argues that the court should have considered extrinsic evidence to show that the property involved in the Federal court was not the same as that involved in the State court proceedings. Plaintiff stated that it only seemed the same because of the "ambiguous description" of the property in the Federal case. Plaintiff argues that he was precluded from introducing extrinsic evidence due to defendant's impermissible hybrid motion practice. Hybrid motions for dismissal may require a reversal if prejudice results to the nonmovant. (*Davis v. Weiskopf* (1982), 108 Ill. App. 3d 505, 508.) However, plaintiff makes no reference to the substance of any extrinsic evidence that could have been shown, nor does he present any argument as to how he has been prejudiced by the hybrid motion. Further, the order of the trial court required defendant to amend the motion on its face, making it a consistent section 2—619 motion to strike and dismiss. Therefore, we agree with the trial court and find that plaintiff's claim for back pay is barred by *res judicata*.

The last reason barring plaintiff's claim of back pay is the statute of limitations. Illinois law provides a five-year statute of limitations period for actions "to recover the possession of personal property or damages for the detention of conversion thereof." (Ill. Rev. Stat. 1989, ch. 110, par. 13—205.) Thus, even if there had been no previous cause of action brought on this issue, plaintiff's claim still would be barred pursuant to statutory law. In examining the necessity of immediately filing a cause of action, it is noted that "the relevant statute of limitations begins to run when a person knows or reasonably should have known of his injury and also knows or reasonably should

have known that it was wrongfully caused." *Santa Claus Industries, Inc. v. First National Bank* (1991), 216 Ill. App. 3d 231, 236.

In the instant case, plaintiff was wrongfully discharged in 1967 and reinstated in 1972. Thus, plaintiff "reasonably should have known" that his injury existed and was "wrongfully caused" well before he filed this action in 1984. Therefore, we find that plaintiff's claim for back pay was properly barred due to the five-year statute of limitations.

For the foregoing reasons, we affirm the decision of the circuit court of Cook County dismissing plaintiff's third amended complaint and dismissing count VIII of plaintiff's original complaint.

Affirmed.

JIGANTI, P.J., and CAHILL, J., concur.