THOMAS KLEKAMP *et al.*, Plaintiffs-Appellants, v. THE CITY OF BUR-
BANK, Defendant-Appellee.

First District (3rd Division)   No. 1—93—2365

Opinion filed August 24, 1994.

Widman, Goldberg & Zulkie, Ltd., of Chicago, for appellants.

Louis F. Cainkar, Ltd., of Chicago, for appellee.

JUSTICE GREIMAN delivered the opinion of the court:
Plaintiffs Thomas Klekamp, Ted Klekamp, Steve Merva and Nick Cinquepalmi filed this declaratory judgment action seeking additional compensation from the City of Burbank (Burbank) for their employ-ment as firefighter/paramedics rather than firefighters. The trial court entered summary judgment in favor of Burbank and plaintiffs appeal.

The issue on appeal is whether or not plaintiffs were entitled, as a matter of law, to compensation at the salary level of firefighter/

paramedics for the work they performed during their first two years of employment by defendant.

We affirm and file our decision as a published opinion in accordance with Supreme Court Rule 23(a) (Official Reports Advance Sheet No. 15 (July 20, 1994), R. 23, eff. July 1, 1994) because there appears to be a conflict among appellate districts of issues addressed herein.

The parties stipulated to the facts. During early 1985, all four plaintiffs participated in the testing process for the position of firemen on defendant's fire department. Prior to testing for the full-time fire department positions, all four plaintiffs worked as paid on-call firefighters for defendant's fire department.

On November 18, 1985, defendant hired three of the plaintiffs (Thomas Klekamp, Ted Klekamp and Steve Merva) as full-time firemen and compensated them accordingly. However, when hired, these three plaintiffs were licensed paramedics. In November 1987, after a two-year probationary period ended, these three plaintiffs were paid as firefighter/paramedics.

On February 18, 1986, defendant hired plaintiff Nick Cinquepalmi as a full-time fireman and compensated him at the salary of a firefighter. Subsequently, in December 1986, plaintiff Cinquepalmi became a licensed paramedic. At the end of his probationary period, he received the salary of a firefighter/paramedic.

From the date plaintiffs began service with defendant's fire department, they functioned as firemen and paramedics, including being assigned on a regular basis to the fire department's ambulance. The fire department required that two paramedics always be on duty. At times, plaintiffs were the only paramedics on duty for certain shifts.

Prior to being hired by defendant, none of the plaintiffs were advised by defendant that they would be paid as a firefighter/paramedic. Each plaintiff was sworn in as a firefighter. Upon their inquiry after being hired, plaintiffs were advised by the deputy chief of the Burbank fire department, and later by the chief, that although they would be performing the functions of a firefighter and paramedic, they would only be paid as a firefighter for the first two years of employment. They continued their employment.

When plaintiffs were hired in 1985 and 1986, defendant had separate salary schedules in effect for firefighter/paramedics and firefighters. Defendant's policy also provided that all newly hired firefighters, regardless of paramedic certification, would be paid as a firefighter for a two-year probationary period and employees with paramedic certificates would be elevated to the pay status of firefighter/paramedic beginning with their third year of service.

For fiscal years 1985, 1986 and 1987, defendant appropriated funds to pay plaintiffs in accordance with the salary schedule for firefighters. For fiscal year 1988, defendant appropriated sufficient funds to pay fire department employees with more than one year of service and paramedic certification in accordance with the salary schedule of firefighter/paramedic. In February 1988, Burbank reworded its newspaper advertisements for the hiring of paramedics to acknowledge that paramedics would start at a higher salary than firefighters.

In July 1988 plaintiffs made a written request to the fire chief for the salary difference owed to them based on their service as paramedics. In December 1988 plaintiffs filed a complaint seeking a declaration by the court that they were entitled to be paid as firefighter/paramedics from the time they were hired.

The parties filed cross-motions for summary judgment. In June 1993 the trial court granted summary judgment in favor of Burbank, reasoning that plaintiffs were clearly hired as firefighters and were paid accordingly. The trial court further found that no contract implied in law was created since there was no evidence that plaintiffs had a reasonable expectation of additional compensation for their services as paramedics or that Burbank intended to compensate the plaintiffs as firefighter/paramedics. Furthermore, Burbank could not be held to have been unjustly enriched because its fire department informed plaintiffs that they would not be paid as firefighter/paramedics and plaintiffs continued to perform their duties of paramedics for almost three years without filing a formal complaint.

Plaintiffs assert that their paramedic services created a contract implied in law because plaintiffs actually rendered the services of licensed paramedics and defendant unjustly reaped the benefits of plaintiffs' services as paramedics.

Burbank primarily contends that the absence of an ordinance to appropriate money to pay plaintiffs at any rate other than the firefighter's salary vitiates any alleged contract to pay plaintiffs at a different rate because a municipal employee cannot receive additional compensation without a prior appropriation by the city and no such appropriation was ever authorized by defendant.

To determine the propriety of summary judgment, we must apply the *de novo* standard of review. (*Outboard Marine Corp. v. Liberty Mutual Insurance Co.* (1992), 154 Ill. 2d 90, 102, 607 N.E.2d 1204.) Summary judgment is proper when the pleadings, depositions and admissions on file, together with any affidavits, show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. (735 ILCS 5/2—1005(c) (West 1992).) As evidenced by the parties' stipulated statement of facts, there is no

genuine issue as to any material fact and thus we determine whether defendant was entitled to summary judgment as a matter of law.

Plaintiffs' request to recover compensation based on a salary schedule established for a job classification for which they were not hired is precluded by the prior appropriation rule established in the Illinois Municipal Code (Code) (65 ILCS 5/1—1—1 *et seq.* (West 1992)) and interpreted by this court in *Lindahl v. City of Des Plaines* (1991), 210 Ill. App. 3d 281, 568 N.E.2d 1306, and *Jordan v. Civil Service Comm'n* (1993), 246 Ill. App. 3d 1047, 617 N.E.2d 142.

■ The Code requires passage of an ordinance to spend or appropriate money on behalf of a city (65 ILCS 5/3—11—17 (West 1992), repealed and now codified at 65 ILCS 5/3.1—40—40 (West Supp. 1993) (eff. May 13, 1993)) and establishes the prior appropriation rule:

> "Except as provided otherwise in this Section, no contract shall be made by the corporate authorities, or by any committee or member thereof, and no expense shall be incurred by any of the officers or departments of any municipality, whether the object of the expenditure has been ordered by the corporate authorities or not, unless an appropriation has been previously made concerning that contract or expense. Any contract made, or any expense otherwise incurred, in violation of the provisions of this section shall be null and void as to the municipality, and no money belonging thereto shall be paid on account thereof." 65 ILCS 5/8—1—7(a) (West 1992).

In *Lindahl*, this court held that section 3—11—17 barred the plaintiff's claim to recover compensation for overtime work because "[a] municipal employee is not entitled to additional compensation or benefits absent an express authorization and appropriation by an ordinance." (*Lindahl*, 210 Ill. App. 3d at 294.) A plaintiff seeking additional compensation bears the burden of showing that he is entitled to additional compensation by a relevant appropriation and in *Lindahl* there was no provision or authorization for the defendant city to pay the plaintiff for his overtime work. *Lindahl*, 210 Ill. App. 3d at 293-94.

Following *Lindahl*, this court in *Jordan* held that under section 8—1—7 of the Code "any unauthorized contract or expense incurred on behalf of the City would be deemed null and void." (*Jordan*, 246 Ill. App. 3d at 1051.) In accordance with this statutory law, the *Jordan* court held that the defendant city did not breach an unwritten agreement with the plaintiff employee for overtime compensation because the record failed to indicate that any appropriation had been made concerning the plaintiff's alleged

unwritten agreement with the defendant city. (*Jordan*, 246 Ill. App. 3d at 1051.) The *Jordan* court also held that " '[a] contract made in violation of section 8—1—7 is void *ab initio* and cannot be enforced by estoppel or ratification.' " *Jordan*, 246 Ill. App. 3d at 1051, quoting *Ligenza v. Village of Round Lake Beach* (1985), 133 Ill. App. 3d 286, 291, 478 N.E.2d 1187.

■ In the present case, the record is clear that plaintiffs were hired as firefighters, not firefighter/paramedics, that defendant established a separate salary schedule for the two different positions, and that defendant appropriated funds to pay plaintiffs as firefighters for the relevant fiscal years. Under the statute and holdings in *Lindahl* and *Jordan*, plaintiffs were not entitled, as a matter of law, to compensation beyond the salary of firefighters during the first two years of their employment.

We recognize that our finding presents an apparent conflict with the third district on the application of the prior appropriation rule. (*Eertmoed v. City of Pekin* (1980), 83 Ill. App. 3d 362, 404 N.E.2d 942 (the absence of approval of an employment contract by the defendant city in contravention of section 3—11—17 of the Code did not preclude the plaintiff employees' action to recover accumulated sick leave pay); see also *Dell v. City of Streator* (1990), 193 Ill. App. 3d 810, 550 N.E.2d 252 (city was equitably estopped from refusing lifetime life and health insurance benefits to qualified nonunion retirees to whom it had promised such benefits during their employment).) However, we agree with the characterization in *Lindahl*, that the *Eertmoed* decision "is an aberration because it is contrary to the relevant provisions of the Municipal Code *** and recent case law." *Lindahl*, 210 Ill. App. 3d at 292.

To support their contention that the absence of prior appropriations does not necessarily defeat a claim based on a contract implied in law, plaintiffs misplace their reliance on this court's decision in *Woodfield Lanes, Inc. v. Village of Schaumburg* (1988), 168 Ill. App. 3d 763, 523 N.E.2d 36, which involved a recapture ordinance enacted but not enforced by the defendant village. The plaintiff in *Woodfield Lanes* constructed a sewer and water main in a manner that allowed connections for four other parcels of property. The defendant village enacted an ordinance which allowed the plaintiff to recover part of its costs by imposing payment on owners of the other four parcels. However, the defendant village failed to enforce the recapture ordinance as to one property owner. This court found that under these circumstances the defendant village "had a duty to enforce its ordinance, and its voluntary acceptance of the benefit from plaintiff together with its failure [to] meet its duty constitutes unjust

enrichment, even in the absence of a prior request for plaintiff's work." *Woodfield Lanes*, 168 Ill. App. 3d at 768.

To circumvent the prior appropriation rule, plaintiffs also suggest alternative methods of funding retroactive paramedic pay, *i.e.*, from the line item budget for fire department salaries (see *Aiardo v. Village of Libertyville* (1989), 184 Ill. App. 3d 653, 540 N.E.2d 861) or from defendant's approval of back-pay settlements (*City of Burbank v. Illinois State Labor Relations Board* (1989), 185 Ill. App. 3d 997, 541 N.E.2d 1259) or from the creation of a "working cash fund" authorized by section 8—7—1 of the Code to meet demands for ordinary and necessary expenditures (65 ILCS 5/8—7—1 (West 1992)). Plaintiffs' suggestions, however, may address appropriate ways in which monies could be procured if plaintiffs prevail but do not apply to the threshold issue of whether or not plaintiffs are entitled to such back pay.

Plaintiffs may not recover under any theory of contract implied in law, quasi-contract or *quantum meruit* (see *Rutledge v. Housing Authority* (1980), 88 Ill. App. 3d 1064, 1068-69, 411 N.E.2d 82).

The law will not imply a contract where an express contract exists (*e.g., People ex rel. Hartigan v. E&E Hauling, Inc.* (1992), 153 Ill. 2d 473, 497, 607 N.E.2d 165) or where a contract implied in fact exists (*Zadrozny v. City Colleges* (1991), 220 Ill. App. 3d 290, 295, 581 N.E.2d 44). In the present case, an express contract did not exist and a contract implied in fact was neither asserted by plaintiffs nor established.

Equitable principles create and govern contracts implied in law. (*Zadrozny*, 220 Ill. App. 3d at 295 (no cause of action existed for breach of an implied or express contract for a teacher seeking extra compensation above his regular salary); *Mueller v. City of Highland Park* (1988), 166 Ill. App. 3d 114, 519 N.E.2d 712 (a contract implied in law did not exist concerning water supplied by a city to a village during the period of negotiations between the two municipalities after the written contract had expired).) The law presumes that services or property is rendered and received with the expectation of payment and thus the law implies a promise to pay its reasonable worth. *Mueller*, 166 Ill. App. 3d at 120.

A contract implied in law intends to prevent unjust enrichment on the part of the receiving party who voluntarily accepts a benefit which would be inequitable for him to retain without payment. *E.g., E&E Hauling, Inc.*, 153 Ill. 2d at 497.

It is axiomatic "from the requirement of an inequity that there is no general responsibility to compensate one for work and labor done irrespective of the circumstances in which it is carried out." *Rutledge*, 88 Ill. App. 3d at 1069.

Cases which have addressed employees' claims based on implied contract theories for extra compensation beyond a predetermined salary are sparse and have held against the employees. *E.g.*, *Chicago Patrolmen's Association v. City of Chicago* (1974), 56 Ill. 2d 503, 309 N.E.2d 3 (denied "step" and "longevity" salary increases to police officers); *Gathemann v. City of Chicago* (1914), 263 Ill. 292, 104 N.E. 1085 (denied overtime compensation to a civil service employee who had changed to a new job position which did not, by ordinance, provide for such additional earnings); *May v. City of Chicago* (1906), 222 Ill. 595, 599, 78 N.E. 912 (denied overtime compensation and held that a salaried municipal employee "is bound to perform the duties of his office for the compensation fixed, even though additional duties are imposed upon him").

Although neither overtime nor step increases nor seniority raises are involved in the present case, plaintiffs seek additional compensation by asking the law, in effect, to place them retroactively in a job classification different from the category for which they were initially hired and thereby provide additional money from the higher-paid job classification.

The principles articulated in *Rutledge* are particularly instructive and persuasive in the present case. While the dual services performed by plaintiffs as firefighters and paramedics must not be minimized and cannot be viewed as unbeneficial to defendant, the circumstances under which these duties were performed do not warrant the imposition of a contract implied in law. The linchpin of the equity principle inherent in the doctrine of a contract implied in law goes beyond the receipt and retention of a benefit and requires that the circumstances connote an injustice. Plaintiffs acknowledge that they were hired as firefighters and would serve a two-year probationary period before their job classification, and correspondingly their salaries, would change. Defendant hired and retained plaintiffs and appropriated funds to conform to this plan. Under these circumstances, we cannot find that defendant was *unjustly* enriched.

Affirmed.

TULLY, P.J., and CERDA, J., concur.