METROPOLITAN WATER RECLAMATION DISTRICT OF GREATER CHICAGO *et al.*, Plaintiffs-Appellants, v. CIVIL SERVICE BOARD OF METROPOLITAN WATER RECLAMATION DISTRICT OF GREATER CHICAGO *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—96—0151

Opinion filed June 27, 1997.—Rehearing denied September 19, 1997.

Michael G. Rosenberg and Lisa A. Goldberg, of Metropolitan Water Reclamation District of Greater Chicago, of Chicago, for appellants.

Constantine Maragos, of Chicago, for appellee Suzan Zambrzycki.

John E. Madigan, of Chicago, for other appellees.

JUSTICE THEIS delivered the opinion of the court:

Plaintiffs, the Metropolitan Water Reclamation District of Greater Chicago (the District) and F.D. O'Brien, as director of personnel, appeal the trial court's order affirming a determination by the Civil Service Board of the Metropolitan Water Reclamation District of Greater Chicago and its members (the Board). On appeal, the District argues that: (1) the Civil Service Board exceeded its authority by granting Suzan Zambrzycki additional compensation without a prior appropriation; (2) the Board exceeded its authority by awarding Zambrzycki back pay commensurate with a salary level to which she had not been appointed; (3) theories of contract or estoppel do not entitle Zambrzycki to additional compensation; and (4) the Board abused its discretion by reversing the director's decision without finding the decision to be arbitrary and capricious.

District employee and codefendant Suzan Zambrzycki was employed as a civil service employee. On May 29, 1991, Zambrzycki was appointed to the classification of assistant personnel analyst. The District provided Zambrzycki a copy of the personnel rules for classified service and the work rules. On May 15, 1992, Zambrzycki was reassigned to the examinations section of the personnel department to assist the senior personnel analyst and the supervising personnel analysts.

On December 3, 1993, the director of personnel sent notice of pending reassignments to department employees. Zambrzycki was to be reassigned to the training section of the personnel department. Zambrzycki filed a grievance with the director of personnel, claiming that: (1) the District could not reassign her from the examination department; (2) she had been doing work above her classification for the past 18 months; and (3) she was entitled to back pay because she had performed the work of an associate personnel analyst since May 15, 1992. Prior to this objection, Zambrzycki had never informed her supervisor or the director of personnel that she believed she was doing work above her classification.

The director rejected Zambrzycki's claim, and Zambrzycki brought her grievance before the Civil Service Board of the Metropolitan Water Reclamation District of Greater Chicago. Zambrzycki presented the testimony of other employees who stated that Zambrzycki had been performing the work of an associate personnel analyst since approximately May of 1993. Zambrzycki pointed to work rule 4.201, which provides that employees working in a higher capacity are entitled to higher pay. The Board held that Zambrzycki had no vested interest in her job within the examination department. However, the Board determined that Zambrzycki had been doing

work above her classification for approximately six months and was entitled to back pay pursuant to work rule 4.201.

The plaintiffs challenged the Board's determination in the circuit court. The plaintiffs first argued that the Board failed to find that the director of personnel's decision was arbitrary and capricious. In addition, the plaintiffs claimed that the Board's findings were erroneous. The plaintiffs argued that, in the absence of a prior appropriation for the higher pay, neither the District nor the Board had the authority to award Zambrzycki the back pay. In justifying the Board's decision, the trial court stated that "they tried to rectify an unfair proceeding" and that "any fair-minded person, in my view, would have done the same thing." The trial court agreed that Zambrzycki had worked in a capacity above her classification. In affirming the Board's award, the trial court stated:

> "If the person in charge can direct somebody under them to do a particular job that calls for a higher rate of pay without dotting I's and crossing T's to give them the position to require that pay, it would undermine the whole system. It's just not right.
>
> And I think when you balance equity against the chain of command, and what the statute says, I don't agree with you, Counsel, that I don't have the power to say this is an equitable issue and should be remedied.
>
> Now I don't even have to say that either. All I have to say is I deny your petition and let the Civil Service Commission ruling stand."

On appeal, we are presented with questions of law and fact. We will reverse the Board's factual determinations only if they are contrary to the manifest weight of the evidence. *Raintree Health Care Center v. Human Rights Comm'n*, 275 Ill. App. 3d 387, 655 N.E.2d 944 (1995). We will consider questions of law, however, under a *de novo* standard. *Illini Country Club v. Property Tax Appeal Board*, 263 Ill. App. 3d 410, 635 N.E.2d 1347 (1994). Upon review, we find that the Board's and the trial court's rulings are erroneous as a matter of law and we reverse.

On appeal, the defendants claim that the District was contractually bound to pay Zambrzycki for associate level work. This argument rests upon interpretation of work rule 4.201, which provides that "[i]f a position is filled in an acting capacity by an employee receiving a lower rate of pay, the employee shall be paid at the higher rate of pay for the period served in an acting capacity." The defendants contend that work rule 4.201 constitutes a contractual promise by the District under the Illinois Supreme Court's holding in *Duldulao v. St. Mary of Nazareth Hospital Center*, 115 Ill. 2d 482, 505

N.E.2d 314 (1987), because: (1) the work rules expressly provide that they inform employees of their rights and obligations; (2) the work rules were distributed to and read by Zambrzycki; and (3) Zambrzycki continued to work for the District after reading the work rules.

Without determining whether the work rules would contractually obligate the District to pay Zambrzycki at a higher level, we find that the District is without authority to enter into such a contract in the absence of a prior appropriation. Accordingly, any contract is null and void. See *Jordan v. Civil Service Comm'n*, 246 Ill. App. 3d 1047, 617 N.E.2d 142 (1993).

■ Section 5.8 of the Metropolitan Water Reclamation District Act (the Act) provides:

> "*No contract shall hereafter be made*, or expense or liability incurred by the said board of trustees, or any member or committee thereof, or by any person or persons, for or in its behalf *notwithstanding the expenditure may have been ordered by the said board of trustees, unless an appropriation therefor shall have been previously made* by said board in the manner aforesaid. No officer, head of a department, or commission shall, during a budget year, expend or contract to expend any money or incur any liability, or enter into any contract, which, by its terms, involves the expenditure of money for any of the purposes for which provision is made in the appropriation ordinance in excess of the amounts appropriated in said ordinance. *Any contract, verbal, or written, made in violation of this section shall be null and void* \*\*\*." (Emphasis added.) 70 ILCS 2605/5.8 (West 1994).

■ We interpret this statute to bar Zambrzycki from receiving pay for work at a higher level in the absence of a prior appropriation. The Illinois Supreme Court's interpretation of a similarly worded statute in *Chicago Patrolmen's Ass'n v. City of Chicago*, 56 Ill. 2d 503, 309 N.E.2d 3 (1974), supports our interpretation. In *Chicago Patrolmen's Ass'n*, the court was asked to interpret the impact of section 8—1—7 of the Illinois Municipal Code (Municipal Code) (65 ILCS 5/8—1—7 (West 1994)). Section 8—1—7(a) provides:

> "*[N]o contract shall be made* by the corporate authorities, or by any committee or member thereof, and no expense shall be incurred by any of the officers or departments of any municipality, whether the object of the expenditure has been ordered by the corporate authorities or not, *unless an appropriation has been previously* made concerning that contract or expense. *Any contract made*, or any expense otherwise incurred, *in violation* of the provisions of this section *shall be null and void* \*\*\*." (Emphasis added.) 65 ILCS 5/8—1—7(a) (West 1994).

The Illinois Supreme Court found that under section 8—1—7 "any

contract made without a prior appropriation is null and void." *Chicago Patrolmen's Ass'n*, 56 Ill. 2d at 508, 309 N.E.2d at 6; see also *Lindahl v. City of Des Plaines*, 210 Ill. App. 3d 281, 568 N.E.2d 1306 (1991). Illinois courts have consistently followed this principle, referring to it as the prior appropriation rule. See, *e.g., Klekamp v. City of Burbank*, 266 Ill. App. 3d 81, 639 N.E.2d 241 (1994).

We find that the Illinois Supreme Court's reasoning in interpreting section 8—1—7 of the Municipal Code is equally applicable to the similarly worded section 5.8 of the Metropolitan Water Reclamation District Act. There is no basis for disregarding the supreme court's reasoning simply because section 8—1—7 applies to municipalities and section 5.8 applies to the water reclamation district. Accordingly, we find that, in the absence of a prior appropriation, Zambrzycki is not entitled to additional compensation.

Zambrzycki bears the burden of establishing that she is entitled to the additional pay because an appropriation was made. *Klekamp v. City of Burbank*, 266 Ill. App. 3d 81, 639 N.E.2d 241 (1994). A review of the record reveals that Zambrzycki failed to present any evidence that a prior appropriation was made for associate level work in her department. Furthermore, we find no evidence of a promotion or transfer to a position that would justify a higher pay rate under section 5.7a of the Act. See 70 ILCS 2605/5.7a (West 1994). Therefore, we find that neither the District nor the Board had the authority to award Zambrzycki back pay.

■ Despite this, the Board and the trial court agreed that Zambrzycki was entitled to the back pay on the basis of equitable considerations. However, while both the Board and the trial court determined that Zambrzycki was performing associate level work, neither tribunal analyzed Zambrzycki's claim under the heightened standard that arises when attempting to equitably estop units of local government. " 'While the doctrine of [equitable] estoppel has been [applied] to municipal corporations [citation], a finding of estoppel against a public body is not favored [citation].' [Citations.] Equitable estoppel should not be invoked against a public entity 'except "under compelling circumstances," where to do so would not defeat the operation of public policy.' " *Lindahl v. City of Des Plaines*, 210 Ill. App. 3d 281, 295, 568 N.E.2d 1306, 1315-16 (1991), quoting *Bank of Pawnee v. Joslin*, 166 Ill. App. 3d 927, 939, 521 N.E.2d 1177, 1185 (1988), and *People ex rel. Brown v. State Troopers Lodge No. 41*, 7 Ill. App. 3d 98, 105, 286 N.E.2d 524, 528 (1972).

■ The defendants may establish estoppel by showing: (1) an affirmative act on the part of the District; and (2) that the affirmative act induced substantial reliance to Zambrzycki's detriment. *Halleck v.*

*County of Cook,* 264 Ill. App. 3d 887, 637 N.E.2d 1110 (1994). Although the defendants need not prove fraud, they must prove that the District had a fraudulent intent in passing work rule 4.201. See *Lindahl v. City of Des Plaines,* 210 Ill. App. 3d 281, 568 N.E.2d 1306 (1991); *Bank of Pawnee v. Joslin,* 166 Ill. App. 3d 927, 521 N.E.2d 1177 (1988). In addition, the affirmative act "must be [an act] of the municipality itself, such as legislation, rather than the unauthorized actions of a ministerial officer." *Bank of Pawnee,* 166 Ill. App. 3d at 939, 521 N.E.2d at 1185.

■ We find that equitable estoppel may not be applied against plaintiffs as a matter of law. The evidence does not support a finding that Zambrzycki substantially relied upon work rule 4.201 to her detriment. The uncontradicted evidence demonstrates that Zambrzycki's position consisted of extensive on-the-job training. Zambrzycki performed her work and received assistant level pay from May of 1992 until December of 1993 without complaint. She only complained in December of 1993 when she was being transferred. Under personnel rule 4.04, employees who believe they are doing work outside their classification should notify the department head that a more appropriate assignment or reclassification is required. Zambrzycki failed to follow these procedures.

Section 4.01 of the personnel rules further belies Zambrzycki's claim of reliance. Section 4.01 provides that "nor shall any person *** be given any compensation for employment in the District, unless he has been appointed to a position provided for and allocated to its proper class in the classification plan." Furthermore, persons dealing with municipal corporations are " 'charged with the knowledge of the limitations of the power of' that corporation for any contract attempted to be entered into by any of its officials.' " *Lindahl v. City of Des Plaines,* 210 Ill. App. 3d 281, 290, 568 N.E.2d 1306, 1312 (1991), quoting *May v. City of Chicago,* 222 Ill. 595, 599-600, 78 N.E. 912 (1906). Accordingly, even if we were to interpret work rule 4.201 in the manner suggested by defendants, Zambrzycki is charged with the knowledge that plaintiffs lacked the authority to enter into such a contract. See *Bank of Pawnee v. Joslin,* 166 Ill. App. 3d 927, 521 N.E.2d 1177 (1988). In light of the personnel rules, and the extensive statutory prohibitions against receiving higher pay in the absence of an appointment, we find that any reliance Zambrzycki may have placed upon work rule 4.201 was unreasonable.

Finally, we find that "the circumstances *** are not substantially compelling as to warrant the application of estoppel." *Lindahl,* 210 Ill. App. 3d at 296, 568 N.E.2d at 1316. The personnel rules outline procedures to remedy Zambrzycki's claim of being forced to work

outside her classification. She failed to follow these procedures and instead sought higher compensation from a public body that did not appropriate such funds. While we share the trial court's concern for upholding the civil service system, we find that acceptance of defendants' arguments would undermine the policies underlying the prior appropriation rule. We find, as a matter of law, that the plaintiffs cannot be estopped from denying Zambrzycki higher pay in the absence of an appointment and a prior appropriation. Therefore, the orders of the Board and the trial court are reversed.

Reversed.

GREIMAN, P.J., and QUINN, J., concur.