ANDREW MILLIKIN

*v.*

THE COUNTY OF EDGAR.

*Filed at Springfield November 2, 1892.*

1. COUNTY *poor house keeper—duration of appointment.* A county board of supervisors is empowered by statute to acquire land for a poor house, and to appoint a keeper thereof, and to make provision for the care, custody and support of the poor; but such board has not the power to contract with the person appointed as poor house keeper, for the management of the poor house and farm and care of paupers, for a period extending to three years, and if such contract is attempted to be made it will be void.

2. COUNTIES—*source, nature and manner of exercise of their powers.* Counties are political divisions of the State, created for governmental

purposes, and they possess such powers as have been conferred by the constitution and legislative department of the State. Their powers are of a public nature, conferred mainly for public purposes, and they should be exercised in such a manner as will best promote the interests and advance the welfare of the people.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Edgar county; the Hon. C. B. SMITH, Judge, presiding.

Mr. J. E. DYAS, Mr. G. A. VANDYKE, and Mr. H. S. TANNER, for the appellant:

The only question which we seek to raise in this case is as to the action of the court in sustaining the demurrer to the amended declaration.

The power of the board of supervisors to make the contract, as set out in the declaration, seems to us to be fully authorized by par. 4, sec. 28, chap. 107, p. 1738, Starr & Curtis' Ann. Stat.

We have diligently searched for analogous cases and have failed to find any.

Mr. JAMES A. EADS and Mr. HENRY VAN SELLAR, for the appellee:

Counties are political divisions of the State for governmental purposes, only possessing a low order of corporate existence, and are conceded to possess no powers except such as are expressly or by necessary implication conferred upon them by the legislative department of government. Dillon on Mun. Corp. pp. 32, 33, sec. 10, and note; sec. 55, p. 102; *Scates* v. *King,* 110 Ill. 466.·

Municipal or quasi municipal corporations have a double character: one is governmental or public, the other is proprietary or private.

A county corporation is purely a part of the governmental machinery, and its duties are nearly all of a public or governmental character. Dillon on Mun. Corp. sec. 39, p. 82.

A county may make authorized contracts, but they have no power to make contracts which shall cede away, control or embarrass their governmental powers, or which shall disable them from performing their public duties. Dillon on Mun. Corp. sec. 61, p. 110.

The support and care of the poor is a matter of public concern, and is a governmental or public duty imposed by law on counties. Dillon on Mun. Corp. sec. 10, p. 32.

The powers of the county board in regard to the care of the poor are set forth in sec. 28, chap. 107, p. 1738, Starr & Curtis' Ann. Stat.

The statute is silent in regard to the time for which a keeper of the poor farm may be appointed.

The law imposes on the county the duty of caring for the poor, by levying annually the necessary taxes, and by the employment of the necessary agents and servants. This duty they can not delegate to others, nor can they make any contract that will hinder or embarrass them in the performance of that duty.

While there is perhaps no case in this court directly upon this question, we submit that the principle has been established in the following cases: *East St. Louis* v. *Gas Light Co.* 19 Bradw. 46; *Davis* v. *School Directors*, 92 Ill. 294; *Stevenson* v. *School Directors*, 87 id. 255.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by Andrew Millikin, against the county of Edgar, to recover damages for the breach of an alleged contract entered into by and between the parties. It is averred in the declaration that on the 11th day of April, 1889, the board of supervisors of the county appointed the plaintiff steward or keeper of the Edgar county poor house for the term of three years, from the first day of May, 1889, and agreed to pay him as compensation $1700 per annum, payable in quarterly installments on the first days of March,

June, September and December; that the plaintiff gave bond, with security, for the performance of his duties, which was approved by the board; that he entered upon the discharge of his duties under the appointment, and continued in the discharge thereof, faithfully performing all duties imposed upon him, until the 6th day of March, 1890, when the board of supervisors discharged the plaintiff and ordered him to vacate the poor farm, and then and there dispossessed him, and refused longer to permit plaintiff to perform the duties of said appointment, by means whereof he was injured, and has sustained damages, etc. The defendant interposed a general demurrer to the declaration, which the court sustained, and the plaintiff electing to abide by his declaration, judgment was entered against him for costs, which was affirmed in the Appellate Court. The only question presented by the appeal is, whether the board of supervisors had the power to enter into the contract with the plaintiff, described in the declaration, for the term of three years.

Counties are political divisions of the State, created for governmental purposes. They possess such powers as have been conferred by the constitution and legislative department of the State. These powers are of a public nature, conferred mainly for public purposes, and they should be exercised in such a manner as will best promote the interests and advance the welfare of the people. In chapter 34 of the Revised Statutes will be found many of the principal powers conferred upon counties. Section 22 provides that each county shall be a body politic and corporate, and may sue and be sued. Section 23 provides that the powers shall be exercised by a county board, and section 24 confers authority to purchase and hold real and personal property necessary for the use of the county, to make contracts, and do all other acts in relation to the property and concerns of the county necessary to the exercise of its corporate powers. Section 26 makes it the duty of the county board to erect and keep in repair court

houses, jails and other necessary county buildings, while section 25 confers power upon the board to cause to be annually levied and collected taxes for county purposes.   Section 14 of chapter 107 provides that every county (except those in which the poor are supported by the towns) shall relieve and support the poor resident in the county.   Section 28 also provides that the county board shall have power to acquire a suitable tract of land upon which to erect and maintain a county poor house, to appoint a keeper of the poor house, and all necessary agents for the management and control of the poor house and farm, and prescribe their compensation and duties.

The power and the duty of the county board to make proper provision for the care, custody and support of the poor of the county are so plainly conferred and so clearly enjoined by the provisions of the statute cited, that neither can, with any show of plausibility, be questioned or denied.   But while the power of the county board to employ a suitable person to keep and manage the poor house may be conceded, can that power be exercised, as was attempted to be done, by entering into a contract like the one described in plaintiff's declaration, running for a period of three years?

Reliance is placed in the last part of section 28 of chapter 107 of the statute, set out above, as authority for the making of the contract by the board.   That clause of the statute does not in terms impose a limit as to the time for which the keeper of the poor house may be appointed by the board, but in placing a construction upon it, it must be construed in view of and in connection with other provisions of the statute relating to the powers of the board.   At the time the contract was attempted to be made, the members of the board of supervisors were elected annually.   Each member held his office for the term of one year, and no longer.   The board was clothed with authority to levy taxes to raise funds to support paupers, but this power was required to be exercised annually.   In view of these provisions of the statute it would be an unreasonable

construction of the statute relied upon, to hold that the legislature intended to clothe the board with authority to enter into a contract with a keeper of a poor house, to run for the term of three years. If the board had the power to enter into a binding contract of this character for three years, no reason is perceived why it might not make a contract for five or even ten years, and if this could be done, the hands of succeeding boards would be tied and their powers taken from them. If this important power, the supervision of a poor farm and the care of the unfortunate, may be so far delegated as was attempted in this case, the county might be deprived, in a great measure, of one of the most important affairs entrusted to its care and supervision. The statute should not receive a construction which might lead to such disastrous results, unless the language employed would admit of no other reasonable interpretation.

While the identical question presented by this record has not heretofore been before this court, similar questions arose in *Stevenson* v. *School Directors,* 87 Ill. 255, and *Davis* v. *School Directors,* 92 id. 294, and in those cases we held that school directors were powerless to enter into contracts with teachers extending substantially beyond the current year. What was said in those cases would seem to be applicable here. *City of East St. Louis* v. *East St. Louis Gas Light and Coke Co.* 98 Ill. 415, although not directly in point, involves a question somewhat similar.

In conclusion, we are satisfied the county board exceeded its power in making the contract relied upon by appellant, and we fully concur with the judgment of the circuit and Appellate courts in holding it invalid.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*