In the Matter of Joe L. Rawlins, Director of Civil Defense for Kent County.

Joe L. RAWLINS, Appellant,

v.

LEVY COURT OF KENT COUNTY, Appellees.

Supreme Court of Delaware.

Nov. 7, 1967.

James H. Hughes, III, Dover, for appellant.

Roy S. Shiels, Dover, for appellees.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice:

This appeal involves the right of the Levy Court of Kent County to remove the Kent County Director of Civil Defense who had been appointed by the predecessor Levy Court for a two-year term.

Joe L. Rawlins was appointed Director of Civil Defense pursuant to 20 Del.C. § 3107 (a), which authorizes the Levy Court to appoint such a director to administer the civil defense organization "subject to the direction and control" of the Levy Court. The statute does not prescribe a term of office for the Director. Rawlins was first appointed Director of Civil Defense on December 22, 1964, to serve at the pleasure of the Levy Court.

By 55 Laws, Ch. 197, Section 1, approved December 9, 1965, the General Assembly changed the composition of the Kent County Levy Court by providing that there shall be elected a Levy Court Commissioner from each Representative District established in Kent County. The statute further provided that if there should be an even number of Representative Districts in the

county, an additional member should be elected at large.

By Section 2 of the Act, it was directed that the entire membership of the Levy Court shall be elected at each biennial general election. Pursuant to the statute at the general biennial election of 1966, a Levy Court consisting of entirely different persons was elected in Kent County for a term of two years.

Following the general election of 1966, the then Levy Court, the members of which were to be succeeded in office in January, 1967 by the newly elected Levy Court, on December 27, 1966, by resolution, appointed Rawlins as Director of Civil Defense for a two-year term.

On January 3, 1967, the newly elected Levy Court, having organized, by resolution terminated Rawlins' appointment and appointed another to the post. Rawlins was notified of this action by letter, but was given no hearing upon the right of the Levy Court to remove him.

Rawlins argues in this appeal that the action of the Levy Court in removing him from his post was illegal. The argument is founded on 9 Del.C. § 4115 which provides that the Levy Court may remove from office any person appointed by it "for sufficient cause". He argues that since no hearing was afforded him and no cause for removal was offered or shown, the action of removal was improper and contrary to the cited statute.

■ We think, however, that Rawlins misses the point. The general rule is that a governmental body may not, in the exercise of its powers, appoint an individual to a term extending beyond the term of office of the governmental body. The term of an appointed office, not prescribed by statute, expires with the expiration of the term of the appointing body. Annotation, 149 A.L.R. 342; 43 Am.Jur., Public Officers, § 160; 37 Am.Jur., Municipal Corporations, § 237.

■ The appointment by the former Levy Court on the eve of expiration of its term of office was, therefore, an illegal attempt to deprive its successor of its power to direct and control the office of Director of Civil Defense. Since the statute prescribed no term for the office of Director, the outgoing Levy Court could not legally supply one which would be binding on its successor.

■ It follows, therefore, that Rawlins was not removed from office and that 9 Del.C. § 4115 has no application. This is so because at the expiration of the term of office of the former Levy Court, a vacancy automatically occurred in the office of Director of Civil Defense, to which the new Levy Court was free to appoint. State ex rel. Ryan v. Bailey, 133 Conn. 40, 48 A.2d 229. At the most, Rawlins at the time of his so-called removal was holding the office only until such time as he was reappointed or his successor appointed. The new Levy Court was within its rights in appointing a successor.

The judgment below is affirmed.