**The Honorable James B. LONGLEY, Governor of the State of Maine**

v.

**STATE EMPLOYEES APPEALS BOARD and Herbert S. Sperry.**

Supreme Judicial Court of Maine.

Oct. 20, 1978.

---

S. Kirk Studstrup (orally), Allan A. Toubman, Asst. Attys. Gen., Augusta, for plaintiff.

Locke, Campbell & Chapman by Harry N. Starbranch (orally), Augusta, for Herbert S. Sperry.

Morton A. Brody, Waterville, for State Employees Appeals Bd.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD and GODFREY, JJ.

ARCHIBALD, Justice.

In early 1975, at the beginning of his administration, Governor James B. Longley informed Herbert S. Sperry that he would not be reappointed to the position of Director of the Maine Division of Economic Opportunity, to which Mr. Sperry had been appointed in 1967 by the former Governor. Mr. Sperry was granted two weeks separation compensation, in accord with the policy for all unretained personnel. Mr. Sperry appealed the Governor's action to the State Employees Appeals Board (the Board), which subsequently issued a decision denying reinstatement but allowing fourteen days additional pay. The Governor then brought a complaint pursuant to Rule 80B,

M.R.Civ.P., in Kennebec County Superior Court, challenging the award of extra pay on the ground that the Board lacked jurisdiction over the Sperry appeal. Mr. Sperry filed a counterclaim and a crossclaim, seeking reversal of the Board's decision denying him reinstatement. The Superior Court dismissed the counterclaim and crossclaim and ruled in the Governor's favor as to the award. Mr. Sperry seasonably appealed.[1]

We deny the appeal.

## I

The position which Mr. Sperry occupied was created in December, 1964, when the Executive Council authorized the Executive Department to establish a Division of Economic Opportunity to carry out the State's responsibilities under the Economic Opportunity Act, 42 U.S.C. §§ 2701–2995. The Council authorized the Governor to hire a Director but did not specify any definite term for the office. The position was not made part of the classified service.

Mr. Sperry was appointed Director in 1967 and remained during the previous gubernatorial administration (1967–1975). In December, 1974, Mr. Sperry wrote to then Governor-elect Longley, requesting reappointment, but the request was denied and the position became vacant on January 23, 1975.

From these facts it is clear that there was no violation of 5 M.R.S.A. § 678,[2] as alleged by Mr. Sperry. The State Employees Appeals Board had no statutory authority to review the Governor's action in refusing to reappoint Mr. Sperry. Section 678 provides that employees may only be *dismissed* for

cause. Mr. Sperry, however, was not dismissed; he was simply not reappointed by a new Governor at the beginning of his administration.

There is no provision, statutory or otherwise, extending the tenure of the Director of the Division of Economic Opportunity beyond the tenure of the Governor appointing him.[3] "[A]part from statute . . . a public officer cannot give an appointee a tenure of office beyond his own." *Ross v. Hanson*, Me., 227 A.2d 606, 609 (1967), *citing Howard v. State Board of Retirement*, 325 Mass. 211, 89 N.E.2d 758, 759, and other Massachusetts cases; *see also Myers v. United States*, 272 U.S. 52, 47 S.Ct. 21, 71 L.Ed. 160 (1926); *Rawlins v. Levy Court of Kent County*, Del., 235 A.2d 840 (1967); 63 Am.Jur.2d, *Public Officers*, § 179 (1972).

This rule is embodied in Article IX, § 6 of the Maine Constitution:

The tenure of all offices, which are not or shall not be otherwise provided for, shall be during the pleasure of the Governor and Council.[4]

In the present case the Executive Council conferred on the then Governor the sole responsibility for staffing the Division. Therefore, Sperry's tenure was at the pleasure of that Governor alone since his appointment did not require the advice or consent of the Executive Council. *See Opinion of the Justices*, 72 Me. 542, 548–49 (1881).

By placing the sole appointive responsibility on the Governor, the Council took the

---

1. Although the State Employees Appeals Board has been retained in the caption of this appeal, it did not file notice of appeal and took no part in the appeal of Mr. Sperry.

2. § 678. Dismissal and disciplinary action.

   An appointing authority may dismiss, suspend or otherwise discipline an employee for cause. This right is subject to the right of appeal and arbitration of grievances set forth in sections 751 to 753 . . . .

3. Mr. Sperry's job was an "unclassified" job, as defined by 5 M.R.S.A. § 711(3): "Appointed by the Governor . . . . Heads of departments

. . . ." There is no tenure provision for unclassified employees, aside from 5 M.R.S.A. § 2. We note, however, that this does not support the Superior Court's finding that the State Employees Appeals Board was not intended to have jurisdiction over unclassified employees as provided in 5 M.R.S.A. § 752. It is not necessary for us to decide that question here.

4. Article IX, § 6, was amended to omit reference to the Council, by Amendment CXXIX, approved by the voters in November, 1975.

position outside the literal meaning of 5 M.R.S.A. § 2, as it then read:[5]

All civil officers, appointed by the Governor *and Council,* whose tenure of office is not fixed by law or limited by the Constitution, otherwise than during the pleasure of the Governor *and Council* . . . shall hold their respective offices for 4 years and no longer, unless reappointed, and shall be subject to· removal at any time within said term by the Governor and Council. (emphasis supplied)

Assuming the position can be viewed as governed by substantially the same policy as that underlying Section 2, so that it is a position of limited tenure, by 1975 Mr. Sperry had occupied the position for eight years. Therefore, a reappointment of Mr. Sperry would be necessary.

This is not a case of a patronage dismissal of a civil servant not involved in policy-making. The Director of the Division of Economic Opportunity has direct access to the Governor and is responsible for advising the Governor in the administration of State and various federally funded programs. It is a policy-making position similar to that of a cabinet minister on the federal level. A new Governor is entitled to fill such a position with a person of his own choosing. He is not required to work with the appointees of a previous administration, whose loyalties and policies might be wholly different from his own. *See Myers v. United States, supra,* and *Elrod v. Burns,* 427 U.S. 347, 367–68, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976).

## II

If Mr. Sperry could be considered, arguendo, as an unclassified state employee, the court below correctly ruled that the Board exceeded its jurisdiction by awarding him vacation pay. Grievances involving compensation are explicitly excluded from the Board's jurisdiction by 5 M.R.S.A. § 752:

The board shall have the authority to mediate the final settlement of all grievances and disputes between individual state employees, both classified and unclassified, and their respective state agencies, *except in matters of classification and compensation.* . . . (emphasis supplied)

The entry is:

Appeal denied.

Judgment affirmed.

DELAHANTY and NICHOLS, JJ., did not sit.

---

5. Effective January 4, 1977, paragraph one of Section 2 was repealed and replaced by a paragraph ·omitting any reference to the Council. P.L.1975, ch. 771, § 24.