BARBARA GRASSINI, Plaintiff-Appellant, v. DU PAGE TOWNSHIP *et al.*, Defendants-Appellees.

Third District   No. 3—95—0616

Opinion filed May 7, 1996.

616

Theodore J. Bednarek (argued), of Troha, Troha & Bednarek, Ltd., of Joliet, for appellant.

Pamela Davis Gorcowski (argued), and Richard J. Kavanagh, both of Rooks, Pitts & Poust, of Joliet, for appellees.

PRESIDING JUSTICE BRESLIN delivered the opinion of the court:

The plaintiff, Barbara Grassini, brought suit against Du Page Township and several of its officials after they terminated her employment with the township. The trial court dismissed Grassini's six-count complaint pursuant to section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 1992)). The primary question on appeal is whether Du Page Township had the authority to employ Grassini as township administrator under a four-year contract. We hold that, under the facts presented, the contract was without the township's authority and therefore void *ab initio*. Accordingly, we affirm the trial court's dismissal of the counts based upon the contract.

For reasons that follow, we also affirm the trial court's dismissal of the other counts, but remand for the trial court to determine whether Grassini should be given leave to replead count VI.

## FACTS

Du Page Township first employed Grassini in 1988 in a capacity that is not clear from the record. The terms and conditions of Grassini's employment were governed by a personnel policy manual, relevant portions of which we will discuss in the course of our analysis. In February 1993, Grassini entered into a written employment contract with the township through which she agreed to serve in the capacity of township administrator for a four-year period. As administrator, Grassini was to perform various duties under the direction of the township supervisor, including coordination of the township's daily business, coordination of payroll and personnel functions, recommendation of budgetary policies, and communication of township policies to departmental heads. The contract provided that Grassini's employment could be terminated only for various enumerated reasons. In addition, it expressly stated that its terms superseded the terms of the policy manual to which Grassini had been subject under her previous employment.

The township's board of trustees authorized the contract by resolution in February 1993; the township electors in turn approved the trustees' resolution in April 1993. Shortly thereafter, however, newly elected trustees, including a new township supervisor, replaced the trustees who authorized Grassini's contract. On May 5, 1993, the new trustees voted to terminate the contract and to discharge Grassini from her duties. In June 1993, anticipating this litigation, the new supervisor issued a memo to township employees instructing that Grassini was not to be permitted to participate in any paid or volunteer activities on township property until the litigation was resolved.

Grassini brought a six-count complaint against the township and its trustees, including the supervisor. Count I alleged breach of the employment contract. Count II sought damages from the individual defendants under 42 U.S.C. § 1983 (1994), alleging that the same breach violated Grassini's right to due process under the fourteenth amendment to the United States Constitution. Count III alleged breach of the policy manual; count IV sought damages under 42 U.S.C. § 1983 for the same breach. Count V sought further damages for the same breach alleged in count III. Finally, count VI sought damages under 42 U.S.C. § 1983 for an alleged interference with Grassini's rights under the first and fourteenth amendments to the United States Constitution stemming from the memo which sought to bar her from participating in activities on township property.

The defendants brought a motion to dismiss pursuant to section 2—619 of the Code of Civil Procedure, alleging that the contract was *ultra vires* and therefore void *ab initio*. The trial court agreed with the defendants and dismissed all six counts with prejudice. Grassini appeals the dismissal of every count except count V.

## Scope of Review

■ A motion to dismiss under section 2—619 admits the legal sufficiency of a complaint but raises affirmative matter to defeat the claim. 735 ILCS 5/2—619(a)(9) (West 1992). Thus, all well-pleaded facts in a complaint are taken as true. *Geick v. Kay*, 236 Ill. App. 3d 868, 603 N.E.2d 121 (1992). A cause of action should not be dismissed under section 2—619 unless it is apparent that no set of facts can be proven which would entitle a plaintiff to recover. *Nielsen-Massey Vanillas, Inc. v. City of Waukegan*, 276 Ill. App. 3d 146, 657 N.E.2d 1201 (1995). A trial court's dismissal of a claim under section 2—619 is subject to *de novo* review. *Jackson v. Shell Oil Co.*, 272 Ill. App. 3d 542, 650 N.E.2d 652 (1995).

## Enforceability of Grassini's Employment Contract

The primary issue on appeal is whether Grassini's four-year employment contract was *ultra vires* and therefore void and unenforceable.

■ A township may exercise only those powers conferred upon it by statute. Du Page Township's powers at the times relevant to this case were set forth in the Township Law of 1874 (60 ILCS 5/1—1 *et seq.* (West 1992)), which has since been repealed and reincorporated in large part into the Township Code (60 ILCS 1/1—1 *et seq.* (West 1994)). This reincorporation did not change those township powers relevant to this appeal; therefore, we will refer to the applicable sections of the Township Code in our discussion.

Section 85—10 of the Township Code provides that every town has corporate powers expressly granted or necessarily implied, and no others. 60 ILCS 1/85—10(a) (West 1994). The section further provides that townships may make all contracts necessary in the exercise of their powers. 60 ILCS 1/85—10(d) (West 1994). In addition, section 100—5 provides that the township board may "employ and fix the compensation of township employees that the board deems necessary," exclusive of positions not relevant here. See 60 ILCS 1/100—5(a) (West 1994). The provision does not limit the period over which such employment contracts may extend. We must therefore determine whether such a limitation should be read into the Township Code.

The defendants essentially argue that townships may not enter

into employment contracts for terms exceeding one year. This argument is based upon the requirements of the Illinois Municipal Budget Law (50 ILCS 330/1 *et seq.* (West 1992)), to which townships must conform. Section 3 of that law requires municipalities to appropriate funds to defray expenses on an annual basis and to specify the objects for which such appropriations are made. 50 ILCS 330/3 (West 1992).

In *Diversified Computer Services, Inc. v. Town of York*, 104 Ill. App. 3d 852, 433 N.E.2d 726 (1982), the court read section 3 of the Municipal Budget Law to forbid townships from executing contracts unless the expenditures to be made thereunder are first appropriated in full. The court thus held that a contract executed by a township assessor for the lease of computer equipment for a multiyear period was void *ab initio*.

The defendants claim that the *Diversified* court's rationale should likewise apply to employment contracts. We are not persuaded by that decision, however, and decline to apply it in the case at bar. The Municipal Budget Law, in requiring townships to appropriate funds to specific purposes on an annual basis, does not thereby forbid townships from contractually incurring debts to be paid in the future. To say otherwise would be to equate the act of contracting to pay a sum in the future with the act of appropriating, when in fact the acts differ from one another. Thus, although there may be sound policy reasons for restricting the ability of townships to incur long-term obligations, those reasons do not find their genesis in the Municipal Budget Law.

A more persuasive reason for limiting the ability of townships to contract for multiyear periods may be drawn from the supreme court's decision in *Millikin v. County of Edgar*, 142 Ill. 528 (1892). In that case, a county board of supervisors employed the keeper of a poor house under a three-year contract, notwithstanding that the board members themselves were only elected for a one-year period. The governing statute in *Millikin* granted the board the authority to hire such a person, but did not expressly limit the number of years for which the employment might extend. The court reasoned that it would do violence to the statute to allow an elected board to inhibit its successor's ability to supervise care for the unfortunate by tying its hands with respect to relevant employment decisions. The court therefore grafted into the statute the limitation that employment agreements of the sort at issue were void unless limited to the period of service of the then-current board. *Millikin*, 142 Ill. at 533.

The *Millikin* decision stands for the broad proposition that it is contrary to the effective administration of a political subdivision to allow elected officials to tie the hands of their successors with respect

to decisions regarding the welfare of the subdivision. This principal has not been confined in application to county governments and their administration of poor houses. See, *e.g.*, *Deyo v. Commissioner of Highways of Sheridan*, 256 Ill. App. 3, 7-8 (1930) (highway commissioner lacked authority to incur debts on town's behalf extending beyond his term of office). Indeed, it has found expression with respect to employment decisions in section 8—1—7(b) of the Illinois Municipal Code, which provides in part:

> "Notwithstanding any provision of this Code to the contrary, the corporate authorities of any municipality may make contracts for a term exceeding one year and not exceeding the term of the mayor or president holding office at the time the contract is executed, relating to: (1) the employment of a municipal manager, administrator, engineer, health officer, land planner ***." 65 ILCS 5/8—1—7(b) (West 1992).

Consistent with *Millikin*, the legislature recognized through section 8—1—7(b) that the positions enumerated therein are important to the effective administration of municipalities, so that each succeeding authority, in concert with the municipality's chief executive officer, should determine for itself who should serve in such positions.

■ We see no reason why the principle set forth in *Milliken* and espoused in the Municipal Code should not likewise apply to townships. Section 100—5 of the Township Code provides that township boards may "employ and fix the compensation of township employees that the board deems necessary." 60 ILCS 1/100—5 (West 1994). We take this to mean that each successive township board should decide for itself which employees are necessary and what their compensation should be. Therefore, we hold that a township board may not contract to employ persons for terms greater than the period for which the board making the decision has left to serve.

In the case at bar, Grassini's contract called for her to serve as administrator for a four-year period. The trustees and supervisor who authorized the contract on the township's behalf were replaced a few months after the contract was signed. Because Grassini's employment was to extend beyond these officials' remaining period of service, the contract was outside the township's authority and thus void *ab initio*. Moreover, this defect was not cured by the electors' vote to approve the board's decision; nothing in the Township Code gives electors the authority to approve void contracts. Accordingly, Grassini cannot enforce her employment contract against the Township.

The next issue we must address is whether the trial court properly dismissed count II, in which Grassini seeks relief under 42

U.S.C. § 1983 against the individual defendants for their decision to terminate her employment contract.

■ Section 1983 provides that a person who, under color of state law, subjects another to a deprivation of his or her rights under the United States Constitution shall be liable for the deprivation. 42 U.S.C. § 1983 (1994). The fourteenth amendment to the constitution protects persons from the deprivation of property interests without due process of law. U.S. Const., amend. XIV. A person may have a property interest in continued public employment if state law has created an expectation that the relationship will continue. *Bishop v. Wood*, 426 U.S. 341, 48 L. Ed. 2d 684, 96 S. Ct. 2074 (1976).

Grassini claims that her employment contract created a property interest and that the individual defendants deprived her of that interest in violation of her due process rights. In light of our holding that the contract was void under Illinois law, the contract created no property interest to which the protections of the fourteenth amendment would attach. Therefore, the trial court properly dismissed Grassini's section 1983 claim as set forth in count II.

### Enforceability of the Personnel Policy Manual

We now consider the propriety of the trial court's dismissal of counts III and IV. In these counts, Grassini seeks relief based upon the defendants' alleged breach of the personnel policy manual which was in effect prior to the time Grassini contracted to become township administrator. Count III alleges common law breach of contract and count IV seeks relief under 42 U.S.C. § 1983.

The gravamen of both counts appears to be that the policy manual created an enforceable contractual agreement whereby Grassini could only be fired on the basis of cause and that the defendants summarily terminated her without a proper hearing to determine cause. The defendants claim that this contract, like Grassini's contract to become administrator, was *ultra vires* and thus unenforceable. Neither party provides a satisfactory account of the manual's legal effect; nonetheless, the defendants are correct that the manual created no right in Grassini which she could enforce against them.

The policy manual provided that Grassini's employment could be terminated due to a staff reduction or due to "unsatisfactory job performance and/or commission of acts contrary to professional ethics." The manual did not otherwise state the period for which the employment was to extend. It is central to Grassini's claims under counts III and IV that, on the basis of these facts, the manual gave her a right to continued employment absent the occurrence of one of the enumerated bases for termination.

We cannot accept Grassini's construction of the manual. As we have previously held, the Township Code does not permit township boards to execute employment contracts which extend beyond the board members' terms of office. We must construe the manual as if the parties were aware of this requirement at the time the manual went into effect. See *Local 165 v. Bradley*, 149 Ill. App. 3d 193, 499 N.E.2d 577 (1986) (contracts must be construed in light of existing laws).

▪ In view of the Township Code's requirements, we must read an implied term into the manual by which a succeeding board could terminate Grassini's employment in the exercise of its authority under section 100—5 (60 ILCS 1/100—5(a) (West 1994)). Construed as a whole, then, the manual gave Grassini the right to continued employment for the period of the then-sitting board's tenure, during which time she could be fired only for cause after a hearing. Each succeeding board, however, had the option to terminate Grassini's employment at its discretion and could do so without conducting a hearing on the matter.

Based upon our construction of the manual, Grassini has no cause of action for breach of contract based upon the defendants' decision to fire her without a hearing. Therefore, the trial court was correct to dismiss count III with prejudice. In addition, the manual created no property interest in Grassini which she could vindicate under 42 U.S.C. § 1983. The trial court accordingly was correct to dismiss count IV.

### Deprivation of Grassini's Rights Under First and Fourteenth Amendments

The final question for our consideration is whether the trial court properly dismissed count VI of Grassini's complaint. In count VI, Grassini seeks relief under 42 U.S.C. § 1983 based upon an alleged deprivation of her rights under the first and fourteenth amendments to the federal constitution. Specifically, the count alleges that the township adopted a policy of refusing to allow Grassini to participate in paid or volunteer activities on township property during the pendency of this litigation. The count alleges further that this policy violated Grassini's rights to free speech, free association, peaceable assembly, due process, equal protection, and her right to petition the government for redress of grievances. See U.S. Const., amends. I, XIV.

▪ At the outset, we note that the defendants raised no affirmative matter in the trial court which would defeat this claim. Thus it was not proper for the trial court to dismiss this claim pursuant to

section 2—619 of the Code of Civil Procedure. Nonetheless, it is obvious from the face of the complaint that Grassini has not alleged sufficient facts to state a cause of action under section 1983 for a deprivation of her rights. Therefore, we will treat the trial court's dismissal of count VI as a dismissal for failure to state a cause of action under section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1992). See *Nielsen-Massey Vanillas, Inc. v. City of Waukegan*, 276 Ill. App. 3d 146, 657 N.E.2d 1201 (1995) (appellate court may affirm trial court's ruling for any reason appearing in the record).

■ A plaintiff seeking damages under 42 U.S.C. § 1983 must allege an actual deprivation of rights resulting from the defendants' acts; mere possibility of remote or speculative injury or invasion of rights is insufficient. *Reichenberger v. Pritchard*, 660 F.2d 280 (7th Cir. 1981). Moreover, the mere attempt to deprive someone of his or her rights is not generally actionable under section 1983. *Andree v. Ashland County*, 818 F.2d 1306 (7th Cir. 1987).

■ In this case, Grassini pleads no facts showing that her rights under federal law were infringed as a result of the policy in question. There is no allegation, for example, that Grassini was denied access to township property despite her desire to use it. Nor is there any factual allegation to suggest that the township threatened to enforce the policy. In the absence of any allegation tending to show that Grassini was in fact harmed by the policy, she cannot maintain an action under section 1983.

Although we affirm the dismissal of count VI, it may be that Grassini can allege facts to cure the count's defects. Therefore, we remand for the trial court to determine whether Grassini should be given the opportunity to amend count VI. See *Coleman v. Hinsdale Emergency Medical Corp.*, 108 Ill. App. 3d 525, 439 N.E.2d 20 (1982) (although appellate court may affirm on any basis found in record, it would be unfair to do so with prejudice on basis of correctable pleading defect).

For the foregoing reasons, we affirm the judgment of the circuit court of Will County. The cause is remanded for the court to consider whether Grassini should be given leave to amend count VI.

Affirmed and remanded.

LYTTON and McCUSKEY, JJ., concur.