FIFTH DIVISION

                                          December 22, 2000

No. 1-99-3558

BARRY J. CANNIZZO,

Plaintiff-Appellant,

v.

BERWYN TOWNSHIP 708 COMMUNITY MENTAL HEALTH BOARD, JOHN VALTIERRA, MARY CONTINI, MICHAEL LEONI, WILLIAM WOYNOWSKI, JOSEPH CARLISI, WILLIAM KARMIA, SANDRA STILLO, KARIN-ABDEL HAK, ROBERT PECHOUS, and SAMUEL "SONNY" STILLO,

Defendants-Appellees.

))))) ))))

))))))

Appeal from the

Circuit Court of

Cook County

Honorable

James F. Henry,

Judge Presiding.

PRESIDING JUSTICE QUINN delivered the opinion of the court:

This action was brought by plaintiff Barry Cannizzo against his former employer, the Berwyn Township 708 Community Mental Health Board (hereinafter the Board), and various members of the Board individually.  The counts of plaintiff's complaint relevant to this appeal alleged breach of contract against the Board.  The Board filed a motion to dismiss those counts of the complaint, contending that the Board had no authority to enter into the employment contracts at issue and thus, the contracts were void 
ab initio
.  The circuit court granted the Board's motion to dismiss and plaintiff timely filed his appeal.  For the reasons that follow, we affirm.

On or about October 16, 1989, plaintiff was hired as the executive director for the Board.  In that capacity, plaintiff's responsibilities included various administrative and financial duties.  Plaintiff served as the executive director for the Board until he was terminated for insubordination at an emergency meeting of the Board on June 26, 1996.

In the spring of 1993, plaintiff entered into a written employment contract (hereinafter the 1993 contract) with the Board.  The 1993 contract was for a term of three years commencing July 1, 1993.  The 1993 contract set forth duties, as well as the rate of compensation, and provided that if neither party gave notice of an intent to terminate the contract by April 1, 1996, the contract would renew for an additional three-year period.  The 1993 contract was signed by plaintiff on April 19, 1993, and by both the president and the secretary of the Board on May 17, 1993.

Approximately one year later, plaintiff submitted another employment contract (hereinafter the 1994 contract) to the Board.  The terms of the 1994 contract mirrored those of the 1993 contract, except for the dates.  The term of the 1994 contract was effective from July 1, 1994, to June 30, 1997, and it would renew for an additional three years unless one of the parties gave notice of an intent to terminate by April 1, 1995.  The 1994 contract was signed by plaintiff on June 20, 1994, and by the president of the Board on September 19, 1994.

On June 25, 1998, plaintiff filed a six-count complaint alleging breach of the 1994 and 1993 contracts against the Board (counts I and II) and various tort claims against other individual defendants (counts III through VI).  The individual defendants moved to dismiss counts III through VI on various grounds, including defenses under the Local Governmental and Governmental Employees Tort Immunity Act, (745 ILCS 10/1-101 
et seq
. (West 1996)).  The circuit court dismissed counts III through VI with prejudice, and plaintiff does not appeal the dismissal of those counts.

The Board also filed a motion to dismiss counts I and II of plaintiff's complaint under section 2-619 of the Code of Civil Procedure, (735 ILCS 5/2-619(a) (West 1998)).  First, the Board argued that it never authorized, voted on, approved or accepted the 1994 contract.  Second, the Board argued that it did not have authority to enter into either of the contracts, rendering each 
ultra vires
 and void 
ab initio
.  The Board based its second argument on the notion that the life of any community mental health board is a maximum of two years, due to the staggered terms of its members.  Thus, the Board asserted that any contract with a duration longer than two years would extend beyond the term of the board that entered into the contract and would be invalid.  In support of its motion to dismiss, the Board attached a copy of its constitution and bylaws and copies of the minutes of the Board's meetings on June 20 and September 19, 1994.

In his response to the Board's motion to dismiss the complaint, plaintiff argued that there was a factual dispute as to whether the 1994 contract was authorized and approved by the Board, which precluded granting defendant's motion to dismiss.  Plaintiff also argued that the Board had the authority to enter into three-year contracts because the Board was a "continuing body" and could enter into contracts of any reasonable length.  In support of his arguments, plaintiff attached his own affidavit and affidavits from the Board's president and the Board's secretary at the time of the execution of the contracts.  Plaintiff also attached a partial transcript of the meeting of the Board on September 19, 1994, and a newspaper article regarding plaintiff's employment contract.

On July 2, 1999, the circuit court granted the Board's motion to dismiss counts I and II of plaintiff's complaint.  The court found that the duration of both the 1993 and 1994 contracts extended beyond the terms of the contracting Boards.  The court observed that there was no applicable Illinois case law, but found that the Board was not entitled to enter into a contract with plaintiff for a term extending beyond that of its own members.  Thus, the court found that each contract was void and unenforceable.  Plaintiff filed a timely notice of appeal of the circuit court's order dismissing counts I and II.

A motion to dismiss under section 2-619 admits the legal sufficiency of a complaint but raises affirmative matter to defeat the claim.  735 ILCS 5/2-619(a)(9) (West 1992).  Thus, all well-pleaded facts in a complaint are taken as true.  
Grassini v. Du Page Township
, 279 Ill. App. 3d 614, 618, 665 N.E.2d 860 (1996).  The purpose of a section 2-619 motion to dismiss is to provide a mechanism to dispose of issues of law and easily proved issues of fact, and the cause of action should not be dismissed on the pleadings unless it is clearly apparent that no set of facts can be proved which would entitle a plaintiff to recover.  
Nielsen-Massey Vanillas, Inc. v. City of Waukegan
, 276 Ill. App. 3d 146, 151, 657 N.E.2d 1201 (1995).  A trial court's dismissal of a claim under section 2-619 is subject to 
de novo
 review.  
Grassini
, 279 Ill. App. 3d at 618.

The primary issue on appeal is whether plaintiff's 1993 and 1994 employment contracts were 
ultra vires
 and therefore void 
ab initio
 and unenforceable.  The Board argues that both employment contracts were 
ultra vires
 because the duration of each contract was longer than the terms of the Board and of the township supervisor who appointed the Board.  Plaintiff argues that the Board had authority to enter into the three-year employment contracts because the Board is a continuous body due to the staggered terms of its members.

A township may exercise only those powers conferred upon it by statute.  
Grassini
, 279 Ill. App. 3d at 618.  Berwyn Township's powers at the times relevant to this case were set forth in the Township Law of 1874 (60 ILCS 5/1-1 
et seq.
 (West 1992)), which has been repealed and reincorporated in large part into the Township Code (60 ILCS 1/1-1 
et seq.
 (West 1996)).  The reincorporation did not change those township powers relevant to this appeal; therefore, we will refer to the applicable sections of the Township Code in our discussion.

Section 85-10 of the Township Code provides that every township has corporate powers expressly granted or necessarily implied, and no others.  60 ILCS 1/85-10(a) (West 1996).  In Cook County, township supervisors are elected in their respective townships at the time of the regular township election for a term of four years and until their successors are elected and qualified.  60 ILCS 1/50-10(a) (West 1996).  Township supervisors enter upon their duties on the first Monday of the month following their election.  60 ILCS 1/50-15(b) (West 1996).

The Community Mental Health Act (hereinafter the Act) gives the township supervisor authority to establish a seven-member community mental health board to administer the Act.  405 ILCS 20/3a (West 1996).  Such board is appointed by the township supervisor, with the advice and consent of the township board of trustees.  405 ILCS 20/3a (West 1996).  The term of each member of the community mental health board is four years, provided, however, that of the members first appointed, two are appointed for a term of two years, two for a term of three years, and three for a term of four years.  405 ILCS 20/3b (West 1996).

The Act endows the community mental health board with the power to "[e]mploy such personnel, including legal counsel, as may be necessary to carry out the purposes of [the] Act and prescribe the duties of and establish salaries and provide other compensation for such personnel."  405 ILCS 20/3e(j)(c) (West 1996).  However, the Act itself does not limit the duration of employment contracts or explicitly grant the community mental health board discretion to assign such contractual terms for itself.  We must therefore determine whether such a limitation on contract duration should be read into the Act.

We look to the decision of our supreme court in 
Millikin v. County of Edgar
, 142 Ill. 528, 32 N.E. 493 (1892), for guidance.  In 
Millikin
, a county board of supervisors employed the keeper of a poorhouse under a three-year contract, notwithstanding the fact that the board members themselves were only elected for a one-year period.  The governing statute granted the county board the authority to hire such an employee, but did not expressly limit the number of years for which the employment might extend.  
Millikin
, 142 Ill. at 532.

The 
Millikin
 court reasoned that allowing the elected county board to enter into an employment contract beyond its own term might deprive the county's succeeding boards of the ability to exercise authority over their most important functions.  
Millikin
, 142 Ill. at 533.  The court then stated that the governing statute "should not receive a construction which might lead to such disastrous results, unless the language employed would admit of no other reasonable interpretation."  
Millikin
, 142 Ill. at 533.  As a result, the court found that the county board exceeded its power in making the employment contract and found the contract invalid.  
Millikin
, 142 Ill. at 533.

The decision of our supreme court in 
Millikin
 stands for the broad proposition that it is contrary to the effective administration of a political subdivision to allow elected officials to tie the hands of their successors with respect to decisions regarding the welfare of the subdivision.  
Grassini
, 279 Ill. App. 3d at 619-20.  Indeed, this concept has been expressed with respect to employment decisions in section 8-1-7(b) of the Illinois Municipal Code, which provides in part:

"Notwithstanding any provision of this Code to the contrary, the corporate authorities of any municipality may make contracts for a term exceeding one year and not exceeding the term of the mayor or president holding office at the time the contract is executed, relating to: (1) the employment of a municipal manager, administrator, engineer, health officer, land planner, finance director, attorney, police chief or other officer who requires technical training or knowledge ***."  65 ILCS 5/8-1-7(b) (West 1996).

Consistent with 
Millikin
, the legislature recognized in section 8-1-7(b) that certain positions are important to the effective administration of municipalities, so that each succeeding authority, in concert with the municipality's chief executive officer, should determine for itself who should serve in those positions.  
Grassini
, 279 Ill. App. 3d at 620.

This principle also applies to townships.  
Grassini
, 279 Ill. App. 3d at 620.  Section 100-5 of the Township Code provides that township boards may "employ and fix the compensation of township employees that the board deems necessary."  60 ILCS 1/100-5(a) (West 1996).  The appellate court in 
Grassini
 interpreted that provision to mean that each successive township board should decide for itself which employees are necessary and what their compensation should be.  
Grassini
, 279 Ill. App. 3d at 620.

In 
Grassini
, the township entered into an employment contract with Grassini in which she agreed to serve as township administrator for a four-year period.  The township's board of trustees authorized the contract by resolution, and the township electors approved the resolution.  Shortly thereafter, however, newly elected trustees, including a new township supervisor, replaced the trustees who authorized Grassini's contract.  The new trustees then voted to terminate the contract and to discharge Grassini from her duties.  
Grassini
, 279 Ill. App. 3d at 617.

The 
Grassini
 court held that "a township board may not contract to employ persons for terms greater than the period for which the board making the decision has left to serve."  
Grassini
, 279 Ill. App. 3d at 620.  The court determined that because the duration of Grassini's employment contract was to extend beyond the terms of the township trustees and supervisor who authorized it, the contract was outside the township's authority and was void 
ab initio
.  
Grassini
, 279 Ill. App. 3d at 620.

The holdings in 
Millikin
 and 
Grassini
 reflect the majority rule that where a board appoints an officer or contracts for services, and the duties of the officer or the services to be rendered are duties delegated to the supervisor of the board, such appointment or contract for a period beyond the term of the board is not valid.  Annotation, 
Power of Board to Make Appointment to Office or Contract Extending Beyond Its Own Term
, 149 A.L.R. 336, 342 (1944).

The decisions of other state courts amply illustrate the rationale behind this rule.  In Delaware, the supreme court determined that the levy court could not appoint the Director of Civil Defense to a term extending beyond the term of the levy court itself.  
Rawlins v. Levy Court
, 235 A.2d 840, 841 (Del. 1967).  The 
Rawlins
 court found that the term of an appointed office, not prescribed by statute, expires with the expiration of the term of the appointing body.  
Rawlins
, 235 A.2d at 841.  The court further found that the appointment, on the eve of the expiration of the levy court's term, was an illegal attempt to deprive its successor of the power to direct and control the office of the Director of Civil Defense.  
Rawlins
, 235 A.2d at 841.

The Kansas Supreme Court invoked a similar test in 
Zerr v. Tilton
, 224 Kan. 394, 581 P.2d 364 (1978).  There the court stated:

" 'And the test generally applied is whether the contract at issue, extending beyond the term, is an attempt to bind successors in matters incident to their own administration and responsibilities or whether it is a commitment of a sort reasonably necessary to protection of the public property, interests or affairs being administered.  In the former case the contract is generally held invalid and in the latter case valid.' "  
Zerr
, 224 Kan. at 400, 581 P.2d at 371, quoting 
State v. City of Garnett
, 180 Kan. 405, 409, 304 P.2d 555, 558 (1956).

Finally, in Wyoming, the state supreme court adopted the same principle, stating as follows:

"[S]ubject to only applicable state statutes as specifically applied, any contract with a unit of government of the state of Wyoming which extends beyond the term of office of the governmental decisionmakers, *** can be subject to challenge if, in consideration of the facts and circumstances, the necessity and benefit to the governmental unit did not justify the extended term when the agreement was made.

***

***'The true test is whether the contract itself deprives a governing body, or its successor, of a discretion which public policy demands should be left unimpaired.' [
Plant Food Co. v. City of Charlotte
, 214 N.C. 518, 199 S.E. 712, 714 (1938).]

***

***'If *** the contract is for the performance of personal or professional services for the employing officers, their successors must be allowed to choose for themselves those persons on whose honesty, skill and ability they must rely.' [
Pima County v. Grossetta
, 54 Ariz. 530, 538, 97 P.2d 538, 540-41 (1939).]"  
Mariano & Associates, P.C. v. Board of County Commissioners of the County of Sublette
, 737 P.2d 323, 329 (Wyo. 1987).

For an excellent discussion of this issue, see J. Griffith, 
Local Government Contracts: Escaping from the Governmental/ Proprietary Maze
, 75 Iowa L.R. 277 (1990).

Plaintiff argues that the majority rule as reflected in 
Grassini
 is distinguished because the case before us involves a board that has staggered terms of appointment.  Whether boards that have staggered terms of appointment may agree to employment contracts for a period beyond the terms of the members of the board is an issue of first impression in Illinois.

Plaintiff relies on 
Holtzendorff v. Housing Authority
, 250 Cal. App. 2d 596, 58 Cal. Rptr. 886 (1967), for the proposition that "staggered" boards may contract beyond the terms of their members.  However, the statute at issue in 
Holtzendorff
 specifically granted that board the power to hire a secretary and to designate the term of employment.  In contrast, the Community Mental Health Act in Illinois is silent on the issue of terms of employment.  In addition, California case law has traditionally permitted appointed boards to contract beyond their terms (see 
Denio v. City of Huntington Beach
, 22 Cal. 2d 580, 140 P.2d 392 (1943)), whereas Illinois has specifically forbidden such contracts since 
Millikin
.

Plaintiff also relies on 
Daly v. Stokell
, 63 So. 2d 644 (Fla. 1953), for the proposition that when a board has staggered terms, the board is a "continuing body" and may contract beyond the members' terms.  While the city commission in 
Daly
 did have staggered terms, the opinion does not make it clear if the members were elected or appointed.  
In the case before this court, the Board that contracted with plaintiff was appointed by the township supervisor, an elected official.

In a later opinion, 
City of Riviera Beach v. Witt
, 286 So. 2d 574, 575-76 (Fla. App. 1973), Florida's appellate court explained that 
Daly
 was decided based on the fact that the contract at issue was for towing services and was, therefore, a proprietary matter.  In 
City of Riviera Beach
, 286 So. 2d at 576, the court held that a municipal council could not hire a city prosecutor for a period beyond its own term because the city prosecutor performed a governmental function.

Furthermore, in 
Mitchell v. Chester Housing Authority
, 389 Pa. 314, 132 A.2d 873 (1957), the Pennsylvania Supreme Court held that a "staggered board," which was designed so that the office of one board member expired each year, could not contract to hire a secretary and director of services for a term of five years.  Similar to the Community Mental Health Act in Illinois, the relevant statute in 
Mitchell
 
did not address the board's authority to designate a term of employment.  The 
Mitchell
 court explained its ruling by stating:

"[G]ood administration requires that the personnel in charge of implementing the policies of an agency be responsible to, and responsive to those charged with the policy-making function, who in turn are responsible to a higher governmental authority, or to the public itself, whichever selected them.  This chain of responsibility is the basic check on government possessed by the public at large.  A contract which will have the effect of, and indeed appears to have been executed with the express purpose of, violating this rule runs counter to public policy and will not be enforced against the public interest."  
Mitchell
, 389 Pa. at 328, 132 A.2d at 880.

We believe that 
Mitchell
 is the better-reasoned case.  We hold that since the Board is appointed by the township supervisor, the township supervisor's term must be used as the time line within which the Board has contractual authority to employ persons in positions which are important to the effective administration of the township.

As to whether the contracts here would be void or only voidable as to portions, plaintiff relies on 
Stahelin v. Board of Education, School District No. 4, DuPage County
, 87 Ill. App. 2d 28, 230 N.E.2d 465 (1967).  
Stahelin
 was a case involving a school district contracting for the construction of a school.  The appellate court held that a municipality could not gain an "unconscionable advantage" over the other party by raising the defense that the contract was void.  
Stahelin
, 87 Ill. App. 2d at 42.  However, the contract involved in 
Stahelin
 was a construction contract and the appellate court held that the school board had to pay for the construction work that had already been performed.  Here, plaintiff was paid for the work he performed.  Plaintiff's complaint is that he was not allowed to continue his employment.  Thus, 
Stahelin
 is inapposite to this case.

Plaintiff also relies on 
Elk Grove Township Rural Fire Protection District v. Village of Mount Prospect
, 228 Ill. App. 3d 228, 592 N.E.2d 549 (1992), and 
Ad-Ex, Inc. v. City of Chicago
, 207 Ill. App. 3d 163, 565 N.E.2d 669 (1990), to support his position that a municipality can be estopped from arguing that a contract is unenforceable where the contract was not void 
ab initio
.  However, the contracts at issue in each of those cases were found by the appellate court to be 
ultra vires
 and void 
ab initio
.  
Elk Grove
, 228 Ill. App. 3d at 233; 
Ad-Ex, Inc.
, 207 Ill. App. 3d at 175.

The Board relies on 
Metropolitan Water Reclamation District Greater Chicago v. Civil Service Board of Metropolitan Water Reclamation District of Greater Chicago
, 291 Ill. App. 3d 488, 684 N.E.2d 786 (1997), for the proposition that an estoppel argument is not available to plaintiff because he was an individual contracting with a municipality. In 
Metropolitan
, this court held that "persons dealing with municipal corporations are 'charged with the knowledge of the limitations of the power of that corporation for any contract attempted to be entered into by any of its officials.' "  
Metropolitan
, 291 Ill. App. 3d at 494, quoting 
Lindahl v. City of Des Plaines
, 210 Ill. App. 3d 281, 290, 568 N.E.2d 1306 (1991).

The Board also relies on 
Jordan v. Civil Service Comm'n
, 246 Ill. App. 3d 1047, 617 N.E.2d 142 (1993), where a contract with a municipality that contained an unauthorized provision regarding overtime payment was held to be void 
ab initio
.  The 
Jordan
 court held that the promises made to the plaintiff in the contract on behalf of the city were erroneous and that Illinois law does not require that the city be held responsible for the impact of the erroneous promises.  
Jordan
, 246 Ill. App. 3d at 1051.

We refuse to expand the contracting power of an appointed community mental health board beyond the powers of the township supervisor and board of trustees that appointed such board.  As stated above, a township board may not contract to employ persons for terms greater than the period for which the board and township supervisor making the decision have left to serve.  Similarly, we hold that the Board, as an agency of the township, does not have the authority to enter into employment contracts with administrative personnel that extend beyond the term of the township supervisor holding office at the time the contract is executed, in accordance with 
the cases cited above and public policy as reflected in section 8-1-7(b) of the Illinois Municipal Code.  We hold that such contracts are 
ultra vires
 and void 
ab initio
.

In applying this holding to the facts in the instant case, it is clear that the executive director for the Board was to be directly involved with the administration of the Board.  Consequently, the Board was not authorized to contract for such services that extended beyond the term of the town supervisor in office at that time.

The term of Berwyn's township supervisor in office at the time both contracts were executed was four years.  While the record before this court does not indicate on which dates the applicable term or terms of the township supervisor began and ended, this court can take judicial notice of the Township Code that the township supervisor of Berwyn began a four-year term in the spring of 1993.

Under the 1993 contract, plaintiff was to serve as executive director of the Board from July 1, 1993, to June 30, 1996.  However, this contract also provided that if neither party gave notice of an intent to terminate the contract by April 1, 1996, the contract would renew automatically for an additional three-year period.  This automatic renewal provision extended the term of the contract to June 30, 1999, more than two years after the township supervisor's term ended in the spring of 1997.

As the contract was for services involved in the administration of the Board that extended for a duration longer than the term of the township supervisor in office at the time of the execution of the contract, we find that the 1993 contract was 
ultra vires
 and void 
ab initio
.  We note that even were we to find this automatic renewal provision to be severable, the first three year period was to end on June 30, 1996.  Plaintiff was terminated by the Board on June 26, 1996, a mere four days earlier.  We affirm the dismissal of count II of the complaint, based on the alleged violation of the 1993 contract.

As to count I, based on the alleged violation of the 1994 contract, we also affirm the trial court's order of dismissal.  The 1994 contract was to be effective from July 1, 1994, to June 30, 1997, a period of time exceeding the term of the township supervisor in office at the time of the execution of the contract.  We find that the 1994 contract was also 
ultra vires
 and void 
ab initio
.  The 1994 contract similarly provided that if neither party gave notice of an intent to terminate by April 1, 1995, the contract would automatically renew for an additional three years, ending on June 30, 2000.  This renewal clause provided that if the Board failed to give notice of its intent to terminate the 1994 contract within 6½ months after the contract was entered into, the Board would be bound to employ plaintiff for more than three years after the township supervisor's term in office had expired.  This is precisely the type of employment contract that was decried by the courts in 
Millikin
 and 
Grassini
.

For the reasons stated, we affirm the order of the circuit court granting the Board's motion to dismiss counts I and II of the complaint.

Affirmed.

GREIMAN and THEIS, JJ., concur.