# Illinois Official Reports

## Appellate Court

---

**Mokena Community Park District v. Romanek, 2020 IL App (3d) 180336**

---

| | |
|---|---|
| Appellate Court Caption | MOKENA COMMUNITY PARK DISTRICT, Plaintiff and Counterdefendant-Appellee, v. JAMES D. ROMANEK, Defendant and Counterplaintiff-Appellant. |
| District & No. | Third District<br>No. 3-18-0336 |
| Filed | February 24, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 16-MR-1108; the Hon. John C. Anderson, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | John Shea Coghlan, of Marek, Meyer & Coghlan, Ltd., of Kankakee, for appellant.<br><br>John M. O'Driscoll and Peter M. Murphy, of Tressler LLP, of Bolingbrook, for appellee. |
| Panel | JUSTICE McDADE delivered the judgment of the court, with opinion.<br>Justices Holdridge and Wright concurred in the judgment and opinion. |

### OPINION

¶ 1     The plaintiff and counterdefendant, the Mokena Community Park District (Park District), filed a declaratory judgment action against the defendant and counterplaintiff, James D. Romanek, based on a contract employing Romanek as the park director. Romanek filed a counter-complaint, alleging that the Park District breached the contract. The Park District filed a motion to dismiss Romanek's counter-complaint, which the circuit court granted after a hearing. The court then dismissed the case after finding that its ruling on the motion to dismiss mooted all other issues. On appeal, Romanek argues that the court erred when it granted the Park District's motion to dismiss. We reverse and remand.

¶ 2                              I. BACKGROUND

¶ 3     In 2016, the Park District filed a declaratory judgment action seeking, *inter alia*, a ruling on the enforceability of Romanek's employment contract. The Park District alleged that the contract contained the following provision:

> "TERM: The term of this Employment Agreement is for three years, commencing on 2nd of May, 2012 and shall be automatically renewed at the beginning of each contract year for another three year term, provided that neither party to this Agreement submits a notice of termination of this Agreement 180 days prior to renewal and as outlined in paragraph 7 hereinafter. Renewal shall be under the same terms as this agreement or as otherwise agreed to by the parties."

The Park District alleged that this provision (1) violated the Park District Code (70 ILCS 1205/1-1 *et seq.* (West 2016)), which capped employment contracts at three years, (2) violated the Open Meetings Act because there was no proof that the contract was formally approved at a meeting open to the public, and (3) was against public policy because it would both circumvent board approval each year and bind future boards.

¶ 4     In 2017, Romanek filed a counter-complaint alleging that the Park District breached the employment contract. Romanek alleged that the Park District provided him with written notice of non-renewal on November 2, 2015, and terminated him on April 26, 2016, without just cause. Romanek claimed he was due two years of salary and benefits from the Park District.

¶ 5     The Park District filed a motion to dismiss pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2016)), alleging that the contract was void *ab initio* due to its automatic renewal provision and was *ultra vires* because a board lacks the authority to bind future boards.

¶ 6     On May 8, 2018, the circuit court heard arguments on the motion to dismiss. At the close of the hearing, the court granted the motion to dismiss, ruling that one board cannot bind another. Further, the court dismissed the case because its ruling rendered the remaining pleadings moot.

¶ 7     Romanek appealed.

¶ 8                               II. ANALYSIS

¶ 9     On appeal, Romanek argues that the circuit court erred when it granted the Park District's motion to dismiss.

¶ 10     A motion to dismiss brought pursuant to section 2-615 attacks the legal sufficiency of a complaint based on facial defects. *Id.*; *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429

(2006). Well-pled facts and reasonable inferences therefrom are taken as true, and the complaint's allegations are construed in the light most favorable to the nonmoving party. *Marshall*, 222 Ill. 2d at 429. A section 2-615 motion to dismiss should be granted only if no set of facts could be proven that would entitle the plaintiff to relief. *Id.* "While the plaintiff is not required to set forth evidence in the complaint [citation], the plaintiff must allege facts sufficient to bring a claim within a legally recognized cause of action [citation], not simply conclusions [citation]." *Id.* at 429-30. We review the grant of a section 2-615 motion to dismiss *de novo*. *Id.* at 429. Further, we review issues of statutory construction *de novo*. *Oswald v. Hamer*, 2018 IL 122203, ¶ 9.

¶ 11    In this case, the circuit court ruled that the employment contract was *ultra vires* because it improperly bound future boards. The rule that a governmental body comprised of limited-term members cannot bind future incarnations of that body regarding employment contracts was established in *Millikin v. County of Edgar*, 142 Ill. 528 (1892). Notably, *Millikin*'s applicable statute authorizing the county board to make employment contracts did not contain any limitation on the length of those contracts. *Id.* at 531-32.

¶ 12    The *Millikin* rule has been applied in other cases in which the authorizing statute did not contain a limitation on the length of employment contracts. See, *e.g.*, *Cannizzo v. Berwyn Township 708 Community Mental Health Board*, 318 Ill. App. 3d 478, 482 (2000) (construing 405 ILCS 20/3e(j)(c) (West 1996)); *Grassini v. Du Page Township*, 279 Ill. App. 3d 614, 618 (1996) (construing 60 ILCS 1/100-5(a) (West 1994)).

¶ 13    The *Millikin* rule does not apply, however, if the legislature has seen fit to establish a different rule for a particular governmental body. *Hostrop v. Board of Junior College District No. 515*, 523 F.2d 569, 574 (7th Cir. 1975); *Breuder v. Board of Trustees of Community College District No. 502*, 888 F.3d 266, 268 (7th Cir. 2018). While *Hostrop* and *Breuder* are federal decisions and are not binding on this court, "a federal court's interpretation of Illinois law is persuasive unless it runs contrary to previously decided state cases which, if correctly reasoned, will not be overturned." *Falk v. Northern Trust Co.*, 327 Ill. App. 3d 101, 108 (2001). We find *Breuder* and *Hostrop* to be on point and persuasive.

¶ 14    In *Hostrop*, which involved the tenure contract of a public junior college president that extended beyond the next board election, the Seventh Circuit held that the *Millikin* rule had been superseded by the Illinois legislature enacting a statute authorizing a community college district board to " 'establish tenure policies for the employment of teachers and administrative personnel.' " *Hostrop*, 523 F.2d at 575 (quoting Ill. Rev. Stat. 1969, ch. 122, § 103-32 (now 110 ILCS 805/3-32)). The board in that case in fact established such policies, including one that stated, in part, "[t]he President of the College is selected by the Governing Board and under whatever terms are mutually agreed upon at the time of appointment." (Internal quotation marks omitted.) *Id.* In a materially identical factual circumstance, the Seventh Circuit followed *Hostrop* in *Breuder*. *Breuder*, 888 F.3d at 268.

¶ 15    This line of cases is important for the instant appeal because section 8-1(i) of the Park District Code (70 ILCS 1205/8-1(i) (West 2016)), in relevant part, grants park districts the authority "[t]o make contracts for a term exceeding one year, but not to exceed 3 years, notwithstanding any provision of this Code to the contrary, relating to *** the employment of a park director." By enacting this provision, the legislature superseded the *Millikin* rule and granted park district boards the authority to potentially bind future park district boards to the employment of a park director.

¶ 16 Further support for our holding that the *Millikin* rule does not apply in this case can be found in *Breuder*, in which the Seventh Circuit noted an amended version of the statute applicable in that case:

> "The state legislature has limited the powers of community-college districts with respect to contracts signed after September 22, 2015. 110 ILCS 805/3-65(b) (community-college contracts may not exceed four years; severance pay is capped at one year's salary). That statute does not apply to this suit or undermine the principle of *Hostrop* that a contract with a college president may extend past the next election; to the contrary, § 805/3-65 implies that community colleges possess that power under § 805/3-32. Why else limit its exercise?" *Breuder*, 888 F.3d at 268-69.

¶ 17 We presume that the legislature was aware of the *Millikin* rule, as well as its own enactment that provides procedures for staggered-term park district board members (70 ILCS 1205/2-10a (West 2016)) when it enacted section 8-1(i) of the Park District Code. See, *e.g.*, *Village of Oak Lawn v. Faber*, 378 Ill. App. 3d 458, 472 (2007) (noting that the legislature codified the *Millikin* rule in section 8-1-7(b) of the Municipal Code by authorizing municipalities to " 'make contracts for a term exceeding one year and not exceeding the term of the mayor or president holding office at the time the contract is executed' " (quoting 65 ILCS 5/8-1-7(b) (West 2004))). Under these circumstances, we hold that the circuit court erred when it ruled that the employment contract was *ultra vires* because it improperly bound future boards. Accordingly, the court erred when it granted the Park District's motion to dismiss.

¶ 18 Because the circuit court did not rule on the Park District's other grounds for dismissal, we decline to address those arguments and remand the case for further proceedings.

¶ 19                                      III. CONCLUSION
¶ 20 The judgment of the circuit court of Will County is reversed, and the cause is remanded for further proceedings.

¶ 21 Reversed and remanded.